# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TERRELL LAMAR LINDSAY,

        Defendant-Appellant.

UNPUBLISHED
February 3, 2015

No. 318455
Wayne Circuit Court
LC No. 13-002863-FH

Before: MURRAY, P.J., and SAAD and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions for violation of MCL 333.7403(2)(a)(*v*), MCL 750.227b, and MCL 750.227. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Detroit police officers received information from their colleagues in the Narcotics Enforcement Unit that criminals were using a vacant house to distribute drugs. Upon arrival, the police found a dilapidated home, with one of its doors partially opened. An officer went into the house and found defendant lying on a bed. Because defendant was in a vacant dwelling without permission, the officer handcuffed him and patted him down for weapons. The officer found a loaded revolver, and heroin and cocaine, on defendant's person.

The prosecution charged defendant with violation of the following statutes: (1) MCL 333.7403(2)(a)(*v*), possession of less than 25 grams of heroin; (2) MCL 333.7403(2)(a)(*v*), possession of less than 25 grams of cocaine; (3) MCL 750.227b, felony-firearm; (4) MCL 750.227, carrying a concealed weapon. At his jury trial in the Wayne Circuit Court, defendant testified on his own behalf, and claimed that he was not in possession of the guns or drugs. He also said a relative lived in the house. The jury obviously did not believe defendant's version of events, as it found him guilty of all charges.

On appeal, defendant argues that his trial attorney gave him ineffective assistance because the attorney did not move to suppress evidence of the gun or drugs as the byproducts of an illegal search of the house.

## II. STANDARD OF REVIEW

-1-

Because defendant did not move for a *Ginther*[1] hearing or a new trial on the basis of ineffective assistance of counsel, our review is limited to mistakes apparent on the record. *People v Rodgers*, 248 Mich App 702, 713-714; 645 NW2d 294 (2001). Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). A trial court's findings of fact are reviewed for clear error, and questions of constitutional law are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

## III. ANALYSIS

Here, defendant's claim for ineffective assistance of counsel is based on his assertion that the police search of the house was illegal, because the police did not have a search warrant to enter the house. We therefore first analyze whether the search was illegal, and then turn to defendant's claim that his attorney gave him ineffective assistance.

## A. SEARCH OF THE VACANT HOUSE

Both the United States and Michigan Constitutions protect persons against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. A search for purposes of the Fourth Amendment occurs when the government intrudes on an individual's reasonable, or justifiable, expectation of privacy. *People v Taylor*, 253 Mich App 399, 404; 655 NW2d 291 (2002), citing *Katz v United States*, 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967). The search of property that has been abandoned is presumptively reasonable because the owner no longer has an expectation of privacy in the abandoned property. *Taylor*, 253 Mich App at 406.

A defendant bears the burden of showing that the property searched was not abandoned. *Taylor*, 253 Mich App at 406. Courts examine the totality of the circumstances when determining whether a structure is abandoned, and consider the following factors in making their determination:

> (1) the outward appearance, (2) the overall condition, (3) the state of the vegetation on the premises, (4) barriers erected and securely fastened in all openings, (5) indications that the home is not being independently serviced with gas or electricity, (6) the lack of appliances, furniture, or other furnishing typically found in a dwelling house, (7) the length of time that it takes for temporary barriers to be replaced with functional doors and windows, (8) the history surrounding the premises and prior use, and (9) complaints of illicit activity occurring in the structure. [*Taylor*, 253 Mich App at 407.]

Contrary to defendant's story, the record strongly suggests that the house where defendant was arrested was abandoned. The police officer who searched the house, saw "a lot of" trash and debris in the front yard—in particular, "piled up" potato chip bags and newsletters. The officer also stated that the house's "raggedly old door" could not be secured, and that the

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

building "just kind of looked run down." Indeed, it was—two windows were boarded up, the house had no running water, and was originally a two-story home, but had no access to the second level. The police officer summarized his experience in the home as follows:

> [The smell was] God-awful. It was nasty. The restroom, the door was closed. And when [Officer Napier] opened it, [he] immediately noticed why the door was closed, because it just got the whole house – it was horrible. There was feces all over the bathroom, urine everywhere. It was just trash. It was horrible.

And, again, the police officer received information from the Narcotics Enforcement Unit that the house was vacant and being used for the distribution of drugs. Defendant's assertion that his relative lived in the house is unavailing in light of the officer's extensive testimony. Accordingly, the totality of the circumstances indicated that the home was abandoned, and the police search of the house was not unconstitutional. *Taylor*, 253 Mich App at 406.

## B. ASSISTANCE OF COUNSEL

To establish ineffective assistance of counsel, the defendant must show that "(1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012). A defendant is prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different. *Id.* at 81. Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion. *People v Riley*, 468 Mich 135, 141; 659 NW2d 611 (2003). Effective assistance of counsel is presumed, and a defendant bears a heavy burden of proving otherwise. *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012).

As noted, the police search of the house was not illegal. Any motion to suppress the evidence of the gun and drugs seized from defendant would have been meritless. Accordingly, defendant's trial attorney did not give him ineffective assistance.

Affirmed.

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Kirsten Frank Kelly

-3-