# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROMERO MONTE THOMAS,

Defendant-Appellant.

UNPUBLISHED
March 22, 2016

No. 324273
Wayne Circuit Court
LC No. 13-011522-FC

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROMERO MONTE THOMAS,

Defendant-Appellant.

No. 324274
Wayne Circuit Court
LC No. 13-011521-FC

Before: TALBOT, C.J., and WILDER and BECKERING, JJ.

PER CURIAM.

This consolidated appeal arises out of one jury trial in which defendant, Romero Thomas, was convicted of robbing two Dollar General Stores. In Docket No. 324273, he was convicted of three counts of armed robbery[1], MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, associated with the July 21, 2013 robbery of a Dollar General Store on Joy Road in Detroit. In Docket No. 324274, he was convicted of two counts of armed robbery and one count of felony-firearm associated with the September 12, 2013 robbery of a Dollar General Store on West Davison Street in Detroit. The trial court sentenced defendant to 18 to 30 years' imprisonment for each of his armed robbery convictions and two years' imprisonment for each of his felony-firearm convictions. We affirm.

---

[1] Each conviction correlated with a person against whom defendant used force or violence or put in fear while he was in the course of committing a larceny while armed with a gun.

-1-

## I.  OTHER-ACTS EVIDENCE, MRE 404(b)

Defendant first argues on appeal that the trial court abused its discretion by permitting the admission of other-acts evidence associated with the September 29, 2013 robbery of a Dollar General Store located on Fenkell Street in Detroit; defendant had previously been convicted by a jury of committing the Fenkell store robbery.[2]

We review a trial court's decision to admit other-acts evidence for an abuse of discretion. *People v Mardlin*, 487 Mich 609, 614, 790 NW2d 607 (2010).  We review de novo preliminary questions of law, such as whether a rule of evidence precludes admission.  *Id*.  MRE 404(b), which addresses the admission of other-acts evidence, provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

As our Supreme Court noted in *Mardlin*, "[t]o admit evidence under MRE 404(b), the prosecutor must first establish that the evidence is logically relevant to a material fact in the case, as required by MRE 401 and MRE 402, and is *not* simply evidence of the defendant's character or relevant to his propensity to act in conformance with his character." *Mardlin*, 487 Mich at 615. MRE 404(b) is a rule of inclusion, not exclusion, and evidence that is relevant to a noncharacter purpose is admissible even if it also reflects on a defendant's character. *Id*.  "Any undue prejudice that arises because the evidence unavoidably reflects the defendant's character is then considered under the MRE 403 balancing test" wherein the evidence is deemed inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. *Id*. at 616.  See also MRE 403.  If the evidence is determined to be admissible, "upon request, the trial court may provide a limiting instruction to the jury under MRE 105 to specify that the jury may consider the evidence only for proper, noncharacter purposes." *Mardlin*, 487 Mich at 616.

At trial, the prosecutor elicited testimony from several witnesses to the robberies at the Dollar General stores on Joy Road and West Davison Street.  A witness from each location positively identified defendant as the offender.[3]  The prosecutor also submitted as evidence and

---

[2] *People v Thomas*, unpublished opinion per curiam of the Court of Appeals, issued July 21, 2015 (Docket No. 321489).  Defendant was convicted of two counts of armed robbery and one count of felony-firearm; this Court affirmed.

[3] With regard to the Joy Road robbery, store manager Delia Williams-Milton identified defendant as the perpetrator in a photographic line-up as well as at trial.  She also identified defendant as the man robbing the store in the store's surveillance video.  With regard to the West Davison robbery, Asha Durant identified defendant as the perpetrator in a photographic line-up

showed to the jury a store surveillance video of each of the two robberies. Without objection, the prosecutor called a witness to testify regarding the Fenkell Street robbery. That witness[4] positively identified defendant as the perpetrator, and again, without objection, the prosecutor submitted into evidence and played for the jury a video of the robbery. After cross-examination by the defense and redirect examination by the prosecutor of the witness in the Fenkell Street robbery, defense counsel asked for the jury to be dismissed from the courtroom. Outside the presence of the jury, defense counsel raised a concern about whether the surveillance video of the Fenkell Street robbery had been altered.[5] In response to defendant's concerns, a police sergeant testified regarding the particulars of how the video was downloaded from the store's security system; the witness verified that the content was not altered.[6] As the parties were discussing outside the presence of the jury whether the video had been altered, defense counsel remarked that an MRE 404(b) motion had been filed but had not been ruled on by the trial court. The court clerk weighed in and represented that the trial court had indeed ruled on the prosecutor's MRE 404(b) motion—at a time when defendant was represented by other counsel— and that the court had granted the motion, thereby permitting evidence of each Dollar Store robbery in any trial regarding the other Dollar Store robberies. Defense counsel no longer pursued the matter at trial.

On appeal, defendant contends that the trial court abused its discretion when it admitted evidence regarding defendant's robbery of the Dollar General on Fenkell Street. Specifically, defendant claims that the prosecutor's MRE 404(b) motion on the matter was not properly noticed for a hearing and that no hearing was ever actually held. Thus, the evidence should not have been allowed. Defendant claims that the evidence was crucial because, according to the officer in charge of investigating the robbery, the evidence of the crime, coupled with an anonymous tip, led directly to defendant. Defendant admits that any error in the admission of the evidence must have resulted in a miscarriage of justice in order to justify a reversal of defendant's convictions.[7]

Defendant did not timely object to the admission of evidence concerning the Fenkell Street robbery. Thus, defendant's claim of error should be viewed under the plain error

---

as well as at trial. She also identified defendant as being the person robbing the store in the store's surveillance video.

[4] Dollar General employee Tanisha Williams identified defendant in a photographic line-up as well as at trial, as having been the perpetrator in the Fenkell Street robbery.

[5] Defense counsel noted that the version of the video he had viewed before trial did not have a time/date stamp on it, while the one shown to the jury did.

[6] Both versions of the video were shown to the jury.

[7] "If an error is found, defendant has the burden of establishing that, more probably than not, a miscarriage of justice occurred because of the error. No reversal is required for a preserved, nonconstitutional error unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Knapp*, 244 Mich App 361, 378; 624 NW2d 227 (2001) (citation and quotation marks omitted). See also MCL 769.26.

standard.[8]  However, even if we were to consider defendant's objection timely, he would still not be entitled to relief.

The record reveals that on March 5, 2014—six months before trial in the instant matter—the prosecutor filed a notice of intent for all three of the robberies charged, declaring her intent to admit evidence under MRE 404(b) at trial in proving the crimes charged.  Although the notice appears to have inadvertently omitted a brief description of the robbery at the Joy Road location, as it did for the Fenkell Street and West Davison robberies, it is clear from the notice of intent as a whole that the prosecutor sought to admit evidence of each robbery in the trials of each of the other cases.  While the trial court did not have a formal hearing and ruling over whether evidence of the Fenkell Street robbery could be admitted in this case, it did have such a hearing before trial regarding the Fenkell Street robbery, and it deemed evidence of the Joy Road and West Davison robberies admissible in that case.  This Court affirmed the trial court's admission of the other-acts evidence in the Fenkell Street trial:

> The court properly noted that the prosecution used the testimony on defendant's other robberies for a "proper purpose" under MRE 404(b): namely, to show that defendant had a common "scheme, plan, or system" to carry out his crimes.  In each robbery, defendant followed a similar routine: he robbed Dollar General stores in Detroit, used a gun to intimidate the store's employees, targeted female cashiers, and ordered them to empty the cash registers.  And the record demonstrates that the prosecution did not use this testimony on the uncharged robberies to show that defendant had an immoral character or propensity to commit robbery—instead, it used the evidence to suggest that defendant hewed to a common "scheme, plan, or system" when he committed the charged crime.
>
> The evidence that defendant perpetrated two other armed robberies is unquestionably relevant, because it tends to "make a material fact at issue"—whether defendant robbed the Dollar General store on September 29, 2013—more probable or less probable than it would be without the evidence.  Nor was the probative value of the witness testimony on the other robberies outweighed by the risk of unfair prejudice to defendant, because it: (1) did not delay defendant's trial or take a long while to present; (2) was not needlessly cumulative; (3) tends to prove the fact that defendant committed the September 29, 2013 Dollar General

---

[8] Unpreserved evidentiary claims are reviewed for plain error affection substantial rights.  A plain error analysis requires three findings: 1) error, 2) that is plain, 3) which affects substantial rights.  *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  A plain error will generally affect substantial rights when there is a showing of prejudice—"that the error affected the outcome of the lower court proceedings." *Id.*  Once the three findings for plain error are met, "[r]eversal is warranted only when the plain . . . error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763-764 (citation and quotation marks omitted).

robbery; (4) is important to the prosecution's argument; (5) was not likely to confuse or mislead the jury; and (6) cannot be "proved in another manner without as many harmful effects. [*People v Thomas*, unpublished opinion per curiam of the Court of Appeals, issued July 21, 2015 (Docket No. 321489), p 3 (quotation marks and citations omitted).].

We agree with the above assessment. For the same reasons this Court articulated regarding the Fenkell Street trial, we conclude that evidence of the Fenkell Street robbery was relevant to show defendant had a common scheme or plan to carry out his crimes when committing the Joy Road and West Davison robberies. See *People v Sabin*, 463 Mich 43, 63; 614 NW2d 888 (2000). Defendant targeted Dollar General Stores in Detroit, came armed with a gun, targeted female cashiers, and sought solely to collect money from Dollar General; he did not rob employees or patrons. And the probative value of the evidence far outweighed any potential for unfair prejudice. See MRE 403. In a situation where defendant received pretrial notice of the prosecutor's intent to admit in each robbery trial evidence of the other robberies, and where the trial court correctly admitted the other-acts evidence in the first robbery trial, we conclude that the trial court did not abuse its discretion in permitting the admission of other-acts evidence in this case.

Furthermore, even if we were to determine that the trial court erred when admitting evidence of the Fenkell Street robbery, the error would have been harmless. See *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). The jury was provided with extensive evidence supporting defendant's commission of the Joy Road and West Davison robberies, and it is very unlikely that omission of evidence regarding the Fenkell Street robbery would have resulted in a different outcome. See *id*; see also *Knapp*, 244 Mich App at 378. Eyewitnesses identified defendant in each of the robberies at issue and the events were captured on the stores' surveillance videos and shown to the jury.

## II. JURY INSTRUCTIONS

Defendant also argues on appeal that he is entitled to a new trial because the trial court failed to instruct the jury regarding how to properly consider other-acts evidence, as set forth in M Crim JI 4.11, and that his trial counsel was ineffective for not requesting such instruction. Initially, defendant concedes that his defense counsel expressed satisfaction with the jury instructions, and thus, his alleged error by the trial court could be waived. In *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011), in the context of evaluating jury instructions, our Supreme Court noted:

This Court has defined "waiver" as the "intentional relinquishment or abandonment of a known right." "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error. When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver. [Citations omitted.]

On the first day of trial, prior to the start of voir dire, the trial court engaged the parties in an extensive discussion on the record regarding the proposed final jury instructions and their accuracy with regard to the charges against defendant that had been bound over for trial. After

-5-

closing arguments and before reading the final instructions to the jury, the trial court noted on the record that both the final jury instructions and verdict form had "been prepared and reviewed by the lawyers." The court solicited verification of that fact from the parties, and defendant counsel expressly confirmed that he had indeed participated in preparing the jury instructions and verdict form. After the trial court instructed the jury, it inquired of the parties whether they were satisfied with the reading of the instructions. Defense counsel confirmed that he was satisfied. In light of the above, we conclude that defense counsel waived any challenge to the jury instructions. See *id*. Thus, we are left with defendant's claim of ineffective assistance of counsel.

Because defendant did not move for a new trial or a *Ginther*[9] hearing, our review of his ineffective assistance of counsel claim is limited to mistakes apparent from the record. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). " 'A claim of ineffective assistance of counsel is a mixed question of law and fact. A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional question arising from an ineffective assistance of counsel claim de novo.' " *Id*, citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In order to prove that counsel provided ineffective assistance, a defendant must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms and (2) " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 694; 104 S CT 2052; 80 L Ed2d 674 (1984). Defendant "must overcome a strong presumption that counsel's performance constituted sound trial strategy." *People v Riley* (*After Remand*), 468 Mich 135, 140; 659 NW2d 611 (2003). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Garza*, 246 Mich App 251, 255; 631 NW2d 764 (2001).

Defendant claims he can discern no strategic value in his trial counsel's failure to ask the trial court to read M Crim JI 4.11[10] once the court permitted the admission of evidence concerning the Fenkell Street robbery. Even assuming defendant is correct that his counsel's failure to request the instruction fell below an objective standard of reasonableness, his ineffective assistance of counsel claim fails because he has not established that absent the error, there exists a reasonable probability that the result would have been different. See *Vaughn*, 491 Mich at 669. In this case, two robberies were at issue, and eyewitnesses affirmatively identified defendant as the perpetrator in each of those robberies. There was also surveillance video footage of the robberies for the jury to view and consider. A jury instruction regarding the

---

[9] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[10] M Crim JI 4.11 indicates that other-acts evidence can only be considered for certain purposes, such as whether the evidence tends to show that the defendant used a plan or scheme that he or she has used before or since, and it instructs the jury that it may not consider the evidence for any other purpose, such as an indication that the defendant is a bad person or that he or she is likely to commit crimes.

limited use of the evidence from the Fenkell Street robbery would not likely have changed the outcome, as the circumstances in Fenkell Street robbery were not much different than the circumstances in the charged offenses such that they would cause the jury to conclude that defendant was a bad person and convict on that basis. Rather, the relevance of the evidence from the Fenkell Street robbery far outweighed any potential prejudice resulting from the absence of a limiting instruction. As such, we find defendant's ineffective assistance of counsel claim to be without merit.

Affirmed.


/s/ Michael J. Talbot
/s/ Kurtis T. Wilder
/s/ Jane M. Beckering