# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CURTIS LEE MAYES,

        Defendant-Appellant.

UNPUBLISHED
June 21, 2016

No. 326052
Wayne Circuit Court
LC No. 14-007945-FC

Before: M. J. KELLY, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of assault with intent to do great bodily harm less than murder, MCL 750.84(1)(a), and domestic violence, MCL 750.81(2). We affirm.

This case arises from an incident between defendant and his girlfriend, Kimberly Hilliard, which occurred during the early morning hours of August 17, 2014. Hilliard testified that defendant grabbed her by the throat, choked her, and punched her in the face. After she was able to get away from him, defendant came after her with a kitchen knife and, while she was trying to protect her face and chest, he stabbed her left arm several times. Eventually, she was able to escape and the police were called. Defendant denied Hilliard's claims. Police officers who arrived at the scene saw straight cut marks across Hilliard's whole left arm; a large amount of blood; and a large, bloody, straight-blade kitchen knife by the doorway. Hilliard was taken to the hospital by ambulance where she received 46 stitches in her arm.

On appeal, defendant argues that he was denied the effective assistance of counsel because his attorney failed to request DNA testing of blood found on the knife allegedly used to stab Hilliard. We disagree. Because a *Ginther*[1] hearing was not held, our review is limited to mistakes apparent on the record. *People v Riley (After Remand)*, 468 Mich 135, 139; 659 NW2d 611 (2003).

---

[1] *People v Ginther*, 390 Mich 436, 442-443; 212 NW2d 922 (1973).

To establish ineffective assistance of counsel, a defendant must show that defense counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012) (citation omitted). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). A defendant must overcome the presumption that the challenged action or inaction was sound trial strategy. *People v Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996).

"The failure to make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial's outcome." *People v Grant*, 470 Mich 477, 493; 684 NW2d 686 (2004). Here, first, there is nothing in the record to establish that defense counsel did not, in fact, conduct DNA testing. Second, assuming that defense counsel did not conduct DNA testing, defendant has failed to overcome the presumption that the failure to do so was sound trial strategy. Counsel's decision was likely based on a realistic concern of creating incriminating evidence that did not otherwise exist considering the strength of the other evidence, including Hilliard's testimony, police testimony, the state of the knife when found, as well as the nature and severity of Hilliard's injuries as set forth in her medical records. In other words, considering the circumstances, it was highly improbable that DNA testing of the blood on the kitchen knife would have exculpated defendant. This Court does not substitute its judgment for that of defense counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight. *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008) (citation omitted). In summary, defendant's ineffective assistance of counsel claim is without merit.

Affirmed.


/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly