# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RONALD JEFFERY BEDFORD,

        Defendant-Appellant.

UNPUBLISHED
January 4, 2018

No. 332254
Huron Circuit Court
LC No. 15-305904-FH

---

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

A jury convicted the 26-year-old defendant of one count of third-degree criminal sexual conduct (CSC III), MCL 750.520d, based on his sexual interaction with a 15-year-old girl. (The jury acquitted defendant of a second CSC III count.) Defendant argues that the prosecutor engaged in misconduct when a prosecution witness commented—without provocation—on defendant's invocation of his right to remain silent and his right to counsel. Defendant also argues that defense counsel was ineffective for failing to seek remediation of this error. We affirm.

## I. FACTS

At trial, the prosecution played for the jury a 20-minute video recording of defendant's police interview with Detective Kevin Knoblock. The prosecutor did not show the entirety of the interview to the jury. At the conclusion of the recording, the prosecutor inquired, "What was said after that that you recall, anything?" Detective Knoblock responded:

> The interview actually ended not long after that, five—maybe five to eight minutes after that. Kind of rehashed with the defendant whether or not he had contact with the victim in this case and I wanted to reduce it to a question/answer statement and the *defendant opted not to do that, he opted to get a lawyer, and I stopped all questioning at that—at that point.* [Emphasis added.]

Defense counsel did not object to this statement.

-1-

Following his conviction, defendant filed a motion for a new trial, claiming that the prosecutor engaged in misconduct by failing to instruct Knoblock not to testify about defendant's invocation of his right to counsel and by asking Knoblock a question designed to elicit this testimony. Defendant also alleged that defense counsel was ineffective for failing to object, move for a mistrial, and seek a curative instruction.

At a *Ginther*[1] hearing, defense counsel noted that defendant had not yet invoked his right to an attorney on the video. Counsel did not believe that Knoblock's testimony was "necessarily appropriate," but felt it was a "very brief statement, there wasn't any follow-up on it, there was no continuation of it beyond that statement." Counsel testified that he strategically chose not to object because it would have drawn attention to defendant's invocation. Further, the prosecutor's question did not explicitly reference defendant's invocation of his right to counsel, and counsel did not believe that defendant was prejudiced by Knoblock's testimony as the jury had just watched a recording during which defendant repeatedly denied his guilt for 20 minutes. Counsel also believed that one juror, who had some experience as a teacher using the O.J. Simpson trial as a lesson for her students, would understand defendant's rights and would relay that information to the other jurors during deliberations. Finally, counsel stated that he knew that he could have objected outside the presence of the jury, but elected not to. He acknowledged that he could have moved for a mistrial as well, but had not thought to do so and in hindsight, could not see how doing so would have affected the trial's outcome. He made a strategic decision not to ask for a curative instruction so as to avoid drawing attention to defendant's invocation.

The trial court noted that the prosecutor asked a "very general" question of Knoblock that could have been answered in many permissible ways and that Knoblock's answer was not designed to intentionally "railroad" defendant. The court looked at the other evidence presented and noted that Knoblock's statement "was very completely quick . . . the statement was made, and we just kept moving." The court also stated that it had observed the jury and did not see any indication that the statement "piqued [its] curiosity." The trial court concluded that Knoblock's testimony did not necessitate a new trial and that there was no prosecutorial misconduct.

Moreover, the trial court found defense counsel's decision not to highlight the improper testimony was sound trial strategy. The court concluded that there was no "reasonable probability that if not for counsel errors, the result would have been different and the result that did occur was fundamentally unfair or unreliable." The trial court further reasoned that defendant's acquittal on one CSC III charge indicated that the jury had adequately relied on the other witnesses' testimony in rendering its verdict. For these reasons, the trial court concluded that there was no ineffective assistance of counsel.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

## II. PROSECUTORIAL MISCONDUCT

Defendant continues to challenge the prosecutor's inquiry of Detective Knoblock. Defendant failed to preserve his challenge by contemporaneously objecting and requesting a curative instruction. See *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). As a general rule, we review claims of prosecutorial misconduct to determine "whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *Id*. at 64. We review unpreserved challenges, however, for plain error affecting defendant's substantial rights. *Bennett*, 290 Mich App at 475. "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 475-476 (quotation marks and citation omitted).

A prosecutor may not question a police officer regarding a defendant's invocation of his right to counsel or to remain silent. *People v Knapp*, 244 Mich App 361, 383-384; 624 NW2d 227 (2001). This error does not require automatic reversal; rather, the prosecutor may show that the error was harmless beyond a reasonable doubt. *Id*. at 384. A single, brief reference to the defendant's invocation of his rights may be deemed harmless. *People v Shafier*, 483 Mich 205, 214-215; 768 NW2d 305 (2009), quoting *Greer v Miller*, 483 US 756, 764-765; 107 S Ct 3102; 97 L Ed 2d 618 (1987).

Here, the prosecutor did not ask the detective to comment on defendant's invocation of his right to counsel or to remain silent. Rather, the prosecutor attempted to give a more complete picture of defendant's custodial interrogation by inquiring what happened after the footage shown to the jury. The detective could have provided any number of responses, but without prompting described that the interview ended because defendant invoked his right to counsel. This improper response was not occasioned by misconduct or error on the prosecutor's part.

Moreover, the comment was harmless. The jury had just watched a 20-minute video recording of defendant repeatedly denying any criminal culpability. The jury would not likely jump to the conclusion that defendant was guilty simply because he then invoked his right to counsel. The jury was more likely to conclude that defendant tired of the detective's repetitive questions. Under these circumstances, we discern no error requiring relief.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also continues to challenge his trial counsel's failure to take any action at trial to correct Detective Knoblock's improper testimony. Because defendant filed a motion for, and the trial court held, an evidentiary hearing to address his allegations, defendant's challenges are preserved for appellate review. *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002).

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review the trial court's factual findings for clear error and legal conclusions de novo. *Id*. In doing so, we must give due deference to the unique opportunity of the trial court to determine the

credibility of witnesses appearing before it. *Id*. We review for an abuse of discretion the trial court's denial of a defendant's motion for a new trial. *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003).

"[I]t has long been recognized that the right to counsel is the right to the effective assistance of counsel." *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984), quoting *McMann v Richardson*, 397 US 759, 777 n 14; 90 S Ct 1441; 25 L Ed 2d 763 (1970). In *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984), the United States Supreme Court held that a convicted defendant's claim of ineffective assistance of counsel includes two components: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." To establish the first component, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *People v Solomonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). With respect to the prejudice aspect of the test for ineffective assistance, the defendant must demonstrate a reasonable probability that but for counsel's errors the result of the proceedings would have differed. *Id*. at 663-664. The defendant must overcome the strong presumptions that his "counsel's conduct falls within the wide range of professional assistance," and that his counsel's actions represented sound trial strategy." *Strickland*, 466 US at 689.

Defense counsel's decision not to raise a contemporaneous objection to Detective Knoblock's testimony was sound trial strategy. This Court has deemed reasonable trial strategy an attorney's decision not to object to improper police testimony "to avoid reemphasizing it." *People v Barker*, 161 Mich App 296, 304-305; 409 NW2d 813 (1987). And that is exactly what happened in this case. Defense counsel indicated at the *Ginther* hearing that he did not want to draw attention to the fact that defendant had invoked his right to counsel. Counsel reasonably determined that the detective's testimony was not overly prejudicial to his client as the statement was brief and came immediately after the jury watched the 20-minute recorded interview. Moreover, counsel noted that one juror on the panel was well-versed in the topic of a criminal defendant's legal rights and might share that information if the issue came up during deliberations. And as noted, the admission of the detective's single, brief statement was harmless and therefore could not have affected the outcome of the trial.

Defendant next asserts that counsel should have requested a curative instruction to remedy the prejudicial nature of Detective's Knoblock's testimony. A curative instruction, however, would have placed a spotlight on the statement. Defense counsel reasonably sought to avoid that result as already noted.

Finally, defendant contends that counsel should have moved for a mistrial based on the detective's statement. However, an attorney cannot be deemed ineffective for failing "to make a frivolous or meritless motion." *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003). "[N]ot every . . . mention before a jury of some inappropriate subject matter warrants a mistrial. Specifically, an unresponsive, volunteered answer to a proper question is not grounds for the granting of a mistrial." *People v Waclawski*, 286 Mich App 634, 710; 780 NW2d 321 (2009) (citation omitted). This was exactly the situation before the trial court. Detective Knoblock volunteered information that he should have known was inadmissible without prompting by the prosecutor. In any event, the statement was brief and not prejudicial. Accordingly, the trial

court would have had no grounds to grant a mistrial and counsel was not ineffective for failing to request that relief.

We affirm.


/s/ Thomas C. Cameron
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher