# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

LAWANDA KAY JENKINS,

    Defendant-Appellant.

UNPUBLISHED
March 15, 2018

No. 329846
Wayne Circuit Court
LC No. 15-004374-01-FH

---

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

CAMERON, P.J. (*dissenting*).

In this domestic violence case, defendant was convicted of assault with a dangerous weapon (felonious assault), MCL 750.82, for assaulting her child's father with a crowbar after he arrived at defendant's home with his new girlfriend's vehicle and young child. Prior to trial, defendant provided her counsel with the name and contact information of a neighbor who lived directly across the street who could, according to defendant, corroborate her claim that an unidentified man was the actual assailant. Defense counsel attempted to contact the neighbor, but his attempt was frustrated by defendant who provided counsel with the wrong first and last name of the witness. At the *Ginther*[1] hearing following defendant's conviction, the neighbor from across the street testified on defendant's behalf and, after clarifying her name, provided testimony that was generally consistent with defendant's trial testimony. The majority now finds defendant was denied the effective assistance of counsel for trial counsel's failure to recognize, investigate, and correct defendant's misidentification of her neighbor who lived across the street. I respectfully dissent.

Defendant was originally charged with felonious assault, domestic violence second offense, MCL 750.81(4),[2] malicious destruction of personal property, MCL 750.377a(1)(c)(i), and assault or assault and battery, MCL 750.81(1). After rejecting the prosecution's plea offer,

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] The felony information provides that the domestic assault second offense charge was under MCL 750.81(3), but that provision was amended in 2016, and is now provided under MCL 750.81(4).

defendant elected to waive her right to a jury trial and proceed with a bench trial. At the trial, the victim testified he drove to defendant's house to fix their eight-year-old son's motorcycle. While the victim was at the house, defendant became upset and started yelling, why he brought "that b**** car over my house and why you got her son over here[?]" The argument continued outside, where a man walked across the street and struck the back window of the vehicle with a crowbar. Then, defendant picked up the crowbar, broke the front window of the vehicle, and swung the crowbar in the victim's direction.

At the conclusion of the prosecution's case, all but the felonious assault count was dismissed. Defendant then testified that the victim had stolen her purse, and attempted to drive away. She claims she ran out of the house and yelled "he stole my purse." At that time, a man across the street ran to the road and hit the back window with a "long steel stick." Once the victim backed out into the road, the man hit the windshield with the steel stick before the victim was able to drive away. Defendant denied ever assaulting the victim. The trial court did not find defendant credible and convicted her of felonious assault.

Plaintiff later moved for a new trial, claiming she was denied the effective assistance of counsel because defense counsel failed to investigate a witness who would have corroborated her testimony. After holding a *Ginther* hearing, the trial court entered an opinion and order denying the motion for a new trial. It held that defense counsel's performance was not deficient because, although he attempted to make contact with the witnesses, it was defendant's fault he could not contact the witness because she had provided the wrong name. The trial court also found that any error did not deprive defendant of a substantial defense because defendant and the neighbor's testimony, while similar, had discrepancies.

In *People v Russell*, 297 Mich App 707, 715; 825 NW2d 623 (2012), we provided the following standard of review in cases involving the denial of a motion for a new trial after a *Ginther* hearing:

> We review for an abuse of discretion a trial court's decision to grant or deny a new trial. An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. Whether a person has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. We review the trial court's findings of fact at a *Ginther* hearing for clear error, and review questions of constitutional law de novo. [Citations and quotation marks omitted.]

"To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense." *People v Riley (After Remand)*, 468 Mich 135, 140; 659 NW2d 611 (2003), citing *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Counsel's performance is deficient when it falls below an objective standard of reasonableness under prevailing professional norms. *Riley*, 468 Mich at 140. Defense counsel is "strongly presumed

to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), quoting *Strickland*, 466 US at 690 (quotation marks omitted).

Defense counsel, however, "is responsible for preparing, investigating, and presenting all substantial defenses." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). "In general, the failure to call a witness can constitute ineffective assistance of counsel only when it 'deprives the defendant of a substantial defense.' " *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009) (citation omitted). "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *People v Grant*, 470 Mich 477, 486-487; 684 NW2d 686 (2004) (citation and quotation marks omitted).

Upon review of the record, I would conclude that the trial court did not abuse its discretion in denying defendant's motion for a new trial because counsel's performance was not constitutionally deficient. Defendant provided trial counsel the name, phone number, and address of Jawanda Jones, claiming that Jones was a neighbor who had witnessed the incident. Counsel testified at the *Ginther* hearing that he called the phone number provided, and the person who answered said that no one named Jawanda Jones lived there. Defense counsel explained he saw no value sending a letter or hiring an investigator to track down a Jawanda Jones after he was informed, correctly it turns out, that no such person resided at that address. Indeed, it is unclear whether a Jawanda Jones even exists.[3] Despite this fact, counsel filed a witness list that included Jones' name and others as potential witnesses, and proceeded to move to "Plan B," which was to rely on testimony expected from defendant's eight-year-old son, as well as physical evidence that helped corroborate defendant's version of the offense.[4]

To be clear, defendant has no duty to investigate her own case. But she provided her counsel with the wrong name of a neighbor who, according to the neighbor's testimony, had been living across the street from defendant at the time of the assault, and continued to reside there while charges were pending. It is unclear why the defendant, who was on bond while her case was pending, provided false information to her counsel for a witness who was home "most of the time" because as "a homemaker" she often would "stay at home." Trial counsel conducted a reasonable investigation considering he was provided the wrong name of the

---

[3] Although defendant testified at trial, she elected not to testify at the *Ginther* hearing to explain her mistake.

[4] Trial counsel introduced a repair receipt for a motorcycle dated weeks before the incident in order to discredit the victim who had testified that he went to the house with his tools to repair the motorcycle. Trial counsel also introduced a police report his client filed regarding the victim's theft of her purse. Finally, he introduced a receipt from a locksmith, showing that defendant paid $250 to have her locks changed after the incident, suggesting she was fearful of the victim. In addition to introducing the physical evidence, trial counsel called defendant to the stand and elicited testimony that the man across the street was the sole perpetrator.

witness.  He then made a reasonable decision to focus on the remaining physical evidence and defendant's own testimony.  The trial court's decision to deny the motion for a new trial was not outside the range of principled outcomes, and for that reason, I would affirm.


/s/ Thomas C. Cameron