**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 23, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                        No. 121751

ROBERT RILEY,

    Defendant-Appellee.

_____

**AFTER REMAND**

**PER CURIAM**

The prosecutor sought leave to appeal from the Court of Appeals decision reversing defendant's first-degree murder conviction on the basis that his trial counsel was ineffective for failing to seek a directed verdict of acquittal. We reverse the judgment of the Court of Appeals and reinstate the defendant's conviction of felony murder. Because the prosecution presented sufficient evidence in its case-in-chief to support a finding that defendant was guilty of felony murder as an aider and abettor, defense counsel was not ineffective for failing to seek a directed verdict.

## I. Facts and Procedural History

Defendant was convicted by a jury of first-degree felony murder, MCL 750.316(1)(b), arising out of the death of Mark Seaton. Defendant was observed at the victim's apartment along with David Ware, whose whereabouts are unknown. Defendant gave a statement to the police, admitting that he brought Ware to the victim's apartment and admitting to being present in the victim's apartment at the time of the charged offense. Defendant claimed that he observed Ware commit the murder. Specifically, defendant told the police that he observed Ware strangle the victim, bind the victim's hands and feet together, and then strangle the victim a second time after the victim resumed breathing. Shortly afterward, a neighbor knocked on the door.

In addition to the admission of defendant's statement, the prosecution presented the testimony of several neighbors, including Gloria Hollis. Hollis testified that she sensed something was wrong and knocked on the victim's apartment door twice. On both occasions, defendant answered the apartment door, claimed that he and Ware were cousins of the victim and that the victim was not home. After her first visit to the victim's apartment, Hollis observed electronic components being carried out of the apartment to the victim's car. Another neighbor testified that he observed defendant leaving the apartment with stereo equipment. Defendant and Ware attempted to leave the scene in the victim's car, but eventually fled on foot because the car would not start. The victim was found dead in his apartment with his wrists and ankles bound with duct tape and electrical cord.

In his appeal of right, the Court of Appeals reversed defendant's conviction on the basis that the trial court had erred in admitting hearsay testimony.[1]  This Court reversed that judgment in an opinion per curiam, holding that defendant had knowingly waived his right to challenge the admission of the hearsay testimony.  We remanded the case to the Court of Appeals to consider defendant's remaining issues.[2]

On remand, the Court of Appeals again reversed defendant's murder conviction in an unpublished opinion per curiam.[3]  A majority of the Court of Appeals panel held that, after viewing the evidence in a light most favorable to the prosecution, "a rational trier of fact could find the elements of first-degree murder proved beyond a reasonable doubt." Slip op at 1.

However, the majority found merit in defendant's claim that he was denied the effective assistance of counsel because his attorney failed to move for a directed verdict of acquittal after the prosecution presented its proofs.  The majority held that "the prosecution failed to present evidence that could establish beyond a reasonable doubt that defendant was the principal or that he aided and abetted in the

[1] Unpublished opinion per curiam, issued July 21, 2000 (Docket No. 211368). The only defense witness presented was Mary McKinney, mother of David Ware.  She testified regarding inculpatory statements made to her by Ware.  Some of the inculpatory statements directly implicated defendant in the binding and subduing of the victim.

[2] 465 Mich 442; 636 NW2d 514 (2001).

[3] Unpublished opinion per curiam, issued April 5, 2002 (Docket No. 211368).

commission of felony murder." Slip op at 4. The majority further held that the failure to move for a directed verdict fell below an objective standard of reasonableness, and that there was a reasonable probability that defendant would have been acquitted of the felony-murder charge had the motion been made. The Court of Appeals remanded the case to the trial court for entry of judgment of conviction for larceny in a building, MCL 750.360.

The concurring judge opined that the prosecution's evidence was sufficient and that counsel was not ineffective for failing to move for a directed verdict. However, because the issue regarding the sufficiency of the evidence without the defense witnesses' testimony was decided in the previous Court of Appeals opinion, the concurring judge believed that the holding became the law of the case and was not subject to further review.

## II. Standard of Review

Whether a defendant has been denied the effective assistance of counsel is a mixed question of law and fact. A judge must first find the facts and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel. *People v LeBlanc*, 465 Mich 575; 640 NW2d 246 (2002).

Counsel's alleged deficiency relates to the failure to move for a directed verdict. Because a *Ginther*[4] hearing was not conducted, our review of the relevant facts is limited to

---

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

4

mistakes apparent on the record. *People v Nantelle*, 215 Mich App 77, 87; 544 NW2d 667 (1996).

In assessing a motion for a directed verdict of acquittal, a trial court must consider the evidence presented by the prosecution to the time the motion is made and in a light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Hampton*, 407 Mich 354, 368; 285 NW2d 284 (1979).

## III. Analysis

To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). In order to demonstrate that counsel's performance was deficient, the defendant must show that it fell below an objective standard of reasonableness under prevailing professional norms. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *Strickland*, *supra* at 690-691; *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994).

To prove felony murder on an aiding and abetting theory, the prosecution must show that the defendant (1) performed acts or gave encouragement that assisted the commission of the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a high risk of death or great

5

bodily harm with knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of the predicate felony. *People v Carines,* 460 Mich 750, 755; 597 NW2d 130 (1999).

In order to satisfy the malice standard required under *People v Aaron*, 409 Mich 672, 299 NW2d 304 (1980), the prosecution must show that the aider and abettor either intended to kill, intended to cause great bodily harm, or wantonly and willfully disregarded the likelihood that the natural tendency of his behavior was to cause death or great bodily harm. Further, if an aider and abettor participates in a crime with knowledge of the principal's intent to kill or to cause great bodily harm, the aider and abettor is acting with "wanton and willful disregard" sufficient to support a finding of malice. See *id*. at 733; *People v Kelly*, 423 Mich 261; 378 NW2d 365 (1985).

Viewing the evidence in a light most favorable to the prosecution, we conclude that a rational juror could find that the elements of felony murder were proved beyond a reasonable doubt on an aiding and abetting theory. Defendant's statement to the police indicates that Ware strangled the victim twice. After the victim had been strangled, defendant heard a knock on the door. Assuming arguendo that defendant was initially unaware of Ware's intent to kill or cause great bodily harm, he certainly became aware of Ware's intent after the strangling incidents. Eyewitness testimony indicates that defendant participated in the crime by engaging in the

6

larceny. In addition, Gloria Hollis's testimony indicates that defendant performed acts that assisted the commission of the murder. Defendant's acts at the apartment door possibly precluded the provision of medical assistance to the victim while he was still alive, hampered detection of the murder, or facilitated defendant and Ware's escape.

Because the prosecution submitted sufficient evidence, which included the defendant's own incriminating statement corroborating his participation in the murder as an aider and abettor, defense counsel was not ineffective for failing to make a motion for a directed verdict. Because counsel's performance was not deficient, defendant is unable to satisfy the first prong of *Strickland* and *Pickens*. Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion. *People v Darden*, 230 Mich App 597, 605; 585 NW2d 27 (1998); *People v Gist*, 188 Mich App 610; 470 NW2d 475 (1991).[5]

## IV. Conclusion

Because defendant was not denied the effective assistance of counsel on the basis of counsel's failure to seek a directed verdict, we reverse the judgment of the Court of Appeals and reinstate defendant's conviction of felony murder.

Maura D. Corrigan
Michael F. Cavanagh

---

[5] In addition, the law-of-the-case doctrine does not preclude this Court from considering the sufficiency of the prosecution's proofs. Where a case is taken on appeal to a higher appellate court, the law announced in the higher appellate court supersedes that set forth in the intermediate appellate court. *Johnson v White*, 430 Mich 47; 420 NW2d 87 (1988).

Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman