# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMES DONALD VANCALLIS,

Defendant-Appellant.

UNPUBLISHED
December 6, 2018

No. 332514
Macomb Circuit Court
LC No. 2014-004654-FC

## ON REMAND

Before: STEPHENS, P.J., and CAVANAUGH and K. F. KELLY, JJ.

PER CURIAM.

This matter returns to us "for consideration of the claim of ineffective assistance of counsel that was raised in the defendant's Standard 4 brief but not addressed by [the Court of Appeals] during its initial review of this case." *People v VanCallis*, ___ Mich ___; 917 NW2d 65 (September 12, 2018). Having now reviewed defendant's claims, we again affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Fourteen-year-old April Millsap was murdered on July 24, 2014, along the Macomb Orchard Trail. As our previous opinion indicates, there was no physical evidence tying defendant to April's murder. The evidence consisted of eyewitness testimony that placed defendant with April on the trail in the moments leading up to her murder. Defendant's girlfriend also testified that defendant behaved strangely the night of the murder and that defendant all but confessed to his involvement and later threatened to take her "down with him" if she cooperated with police. The evidence also included computer-generated animation that demonstrated the path and speed April's cellular phone traveled.

On appeal to this Court, defendant primarily argued that he received ineffective assistance of counsel when his attorney failed to, *inter alia*, challenge the admissibility of the computer generated animation and failed to offer an eyewitness identification expert. We affirmed defendant's conviction. *People v VanCallis*, unpublished per curiam opinion of the Court of Appeals, issued January 9, 2018 (Docket No. 332514).

In a separate Standard 4 brief, defendant also argued that counsel was ineffective for failing to offer a private investigator or crime scene expert at trial. However, this argument was not briefed in a manner that would have allowed for appellate review. Defendant indicated that the trial court had made funds available for defense counsel to obtain both a private investigator and a crime scene expert, but defendant did not offer any argument as to how such evidence would have helped his case. In light of the inadequacy of the briefing and the extensive discussion regarding expert eyewitness testimony in our original decision, it appears that defendant's specific argument regarding a private investigator and crime scene expert was subsumed. The Supreme Court recognized as much and, on application for leave to appeal, ordered:

> On order of the Court, the application for leave to appeal the January 9, 2018 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration of the claim of ineffective assistance of counsel that was raised in the defendant's Standard 4 brief but not addressed by that court during its initial review of this case. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court. [*Vancallis*, 917 NW2d 65.]

We now specifically address defendant's contention.

## II. ANALYSIS

In our previous opinion, we noted the standard for reviewing claims of ineffective assistance of counsel:

> "[A] defendant must move in the trial court for a new trial or an evidentiary hearing to preserve the defendant's claim that his or her counsel was ineffective." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant has done neither; therefore, the Court's review is limited to mistakes apparent on the record. *Heft,* 299 Mich App at 80.

> "To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. In order to demonstrate that counsel's performance was deficient, the defendant must show that it fell below an objective standard of reasonableness under prevailing professional norms." *People v Riley*, 468 Mich 135, 140; 659 NW2d 611 (2003), citing *Strickland v Washington,* 466 US 668, 687; 104 S Ct 2052; 80 L Ed2d 674 (1984); *People v Pickens*, 446 Mich 298, 302–303; 521 NW2d 797 (1994). In so doing, the defendant must overcome the presumption that the challenged action was sound trial strategy. *Riley*, 468 Mich at 140. "A sound trial strategy is one that is developed in concert with an investigation that is adequately supported by reasonable professional judgments." *People v Grant*, 470 Mich 477, 486–87; 684 NW2d 686 (2004).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v Washington,* 466 US 668, 689; 104 S Ct 2052; 80 L Ed2d 674 (1984). For that reason, "[w]e will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242–243; 749 NW2d 272 (2008).

In order to show prejudice, a defendant must show that but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different. *People v Trakhtenberg*, 493 Mich 38, 51–52, 826 NW2d 136 (2012). [*VanCallis*, unpub op, p 3.]

In his pro se brief to the Supreme Court, defendant argued that counsel was ineffective for failing to offer a private investigator and a crime scene expert as witnesses at trial. Aside from canned law, defendant argued:

In the instant case the Court of Appeals erred in its unpublished opinion, where trial counsel could not have made a reasonable judgment about not calling the expert witnesses to testify. Where funds were granted by the trial court and the testimony was sought by Mr. VanCallis in order to present a viable defense. Only assumptions can be made, (without having any idea of how the expert witnesses would have rebutted or refuted the prosecutions [sic] expert), of how the trier of fact (Jurors) would have reacted to actual testimony without having any idea what the witnesses would have testified to. Consulting with the expert witness instead of utilizing actual testimony in front of the trier of fact to refute the plethora of expert witness testimony for [the] prosecution deprived Mr. VanCallis of effective assistance of counsel.

Again, defendant fails to provide any affidavits or indication as to how the experts would have helped his case. Defendant received both zealous and enthusiastic representation at trial. In finding that counsel was not ineffective for failing to call an expert on eyewitness identification, we previously noted:

Although the trial court approved funds for such an expert, defense counsel did not present any evidence or witnesses. However, defense counsel did make eyewitness testimony his focus at trial. Counsel also vigorously and effectively cross-examined the eyewitnesses. Our review of the entire record reveals that defense counsel was zealous and successful in this tactic. [*Id.* at 7.]

We concluded:

[A]bsent a *Ginther*[1] hearing, we are left to guess why defense counsel declined to produce an expert on eyewitness identification. But one may assume that defense counsel believed that the issue was properly explored during trial. His tactic was to show that the prosecution had not proven its case and he, therefore, declined to present any evidence or call any witnesses. Defense counsel's failure to do so did not fall below an objective standard of reasonableness under prevailing professional norms. See *People v Blevins*, 314 Mich App 339, 351, 886 NW2d 456, 463 (2016) ("Although defendant believes that additionally presenting an expert on eyewitness testimony would have been helpful, and defendant may even be right, that counsel could conceivably have done more, or that a particular trial strategy failed, does not mean counsel's performance was deficient.") [*VanCallis*, upubl op, p 8.]

The same is true here. Although defense counsel received funds to consult with various experts, that did not mean counsel was compelled to call them as witnesses at trial. Defense counsel's strategy, though unsuccessful, was sound.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).