*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 16, 2019

Plaintiff-Appellee,

v

No. 342246
Wayne Circuit Court
LC No. 17-005762-01-FC

DOMINIC JAMES FERREE,

Defendant-Appellant.

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration of victim under 13 years of age, defendant 17 years of age or older), and three counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with victim under 13 years of age, defendant 17 years of age or older). Defendant was sentenced to 25 to 35 years' imprisonment for the CSC-I conviction, and 4½ to 15 years' imprisonment for each of the CSC-II convictions. We affirm.

## I. MRE 803A

Defendant argues that the trial court erred by allowing the prosecution to elicit hearsay testimony under MRE 803A from the victim's cousin regarding a conversation the cousin had with the victim. We disagree.

We review a trial court's decision to admit evidence for an abuse of discretion. *People v Duncan*, 494 Mich 713, 722; 835 NW2d 399 (2013). Whether certain evidence is precluded from admission by a rule of evidence is reviewed de novo. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013).

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is generally not admissible at trial unless an exception applies. MRE 802. MRE 803A

-1-

provides "an exception for a child's statement regarding sexual assault in certain circumstances." *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). MRE 803A states as follows:

A statement describing an incident that included a sexual act performed with or on the declarant by the defendant or an accomplice is admissible to the extent that it corroborates testimony given by the declarant during the same proceeding, provided:

(1) the declarant was under the age of ten when the statement was made;

(2) the statement is shown to have been spontaneous and without indication of manufacture;

(3) either the declarant made the statement immediately after the incident or any delay is excusable as having been caused by fear or other equally effective circumstance; and

(4) the statement is introduced through the testimony of someone other than the declarant.

If the declarant made more than one corroborative statement about the incident, only the first is admissible under this rule.

A statement may not be admitted under this rule unless the proponent of the statement makes known to the adverse party the intent to offer the statement, and the particulars of the statement, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet the statement. [MRE 803A.]

Defendant concedes that the prosecution properly filed a notice of intent to introduce the evidence under MRE 803A. Additionally, defendant does not challenge the assertion that the victim made the statements at issue to her cousin when she was approximately eight or nine years old, in compliance with MRE 803A(1), and agrees that the statements were made "through the testimony of someone other than the declarant," as required by MRE 803A(4). However, defendant takes issue with the content of the following testimony given by the victim's cousin during direct examination:

*Q.* What did [the victim] tell you?

*A.* [The victim] would come over and she would explain the things that were going on at her house, and it was just all about [defendant].

*Q.* And what did [the victim] tell you [defendant] was doing?

*A.* [The victim] would tell me that like [defendant] would make her watch porns [sic] and touch him and stuff like that, and he would do the same to her.

*Q.* Okay. Did [the victim] tell you what she had to touch [defendant] with?

*A.* Usually her hands or her mouth.

*Q.* Okay. And did she tell you what he would touch her with?

*A.* No.

*Q.* Okay. Did—was this a conversation you guys had more than once or was this one time that [the victim] told you this?

*A.* It was more than once.

Defendant first argues that the statements were not spontaneous and thus were inadmissible under MRE 803A(2). In support of his argument, defendant cites to *Gursky*, 486 Mich at 613, 616. In *Gursky*, the victim made statements regarding sexual abuse after the adult hearsay witness asked her if "anyone had been touching her." *Id*. at 616. Our Supreme Court held that "MRE 803A generally requires the declarant-victim to initiate the *subject of sexual abuse*," *id*. at 613, and concluded that the victim's statements to the hearsay witness should have been excluded under MRE 803A(2) for lack of spontaneity because they were responsive to direct questions by an adult regarding possible sexual abuse, *id*. at 614-616.

Defendant contends here that the victim's statements should have been excluded because they could also have been made in response to questioning by her cousin, and asserts that there is no evidence that the statements were spontaneous. However, first, the victim's cousin was 13 years old when the victim's disclosure occurred; thus, he was not an adult at the time. Second, the record does not demonstrate that the victim was prompted by direct questioning to disclose details regarding possible sexual abuse. Instead, the testimony suggests that the victim confessed to her cousin that she was being sexually abused by defendant without being prompted by any questioning about the possibility of sexual abuse. See *id*. at 614-615. Thus, the testimony was not inadmissible under MRE 803A(2).

Defendant also argues that the testimony should have been excluded because it did not describe "a sexual act performed with or on the declarant." MRE 803A. The victim told her cousin that defendant would force her to watch pornography and touch him with her hands and mouth. Defendant's argument suggests that the touching was not sexual, but the fact that the victim told her cousin that defendant made her touch him with her hands and mouth while showing her pornography sufficiently demonstrates that the act described in the testimony was sexual in nature. Thus, defendant's argument lacks merit.

Defendant next contends that the testimony was not admissible under MRE 803A because the prosecution was permitted to elicit testimony indicating that the victim had multiple conversations with her cousin about the sexual abuse. Specifically, defendant takes issue with the testimony indicating that the victim spoke to her cousin about the sexual abuse "more than once." Only the first corroborative statement about an incident of sexual abuse is admissible under MRE 803A, and defendant argues that the victim's cousin should not have been permitted to testify that he discussed the sexual abuse with the victim multiple times. See MRE 803A. However, merely testifying that the victim told her cousin that she was being sexually abused multiple times is not a second corroborative statement. In order for the offending testimony to

be considered a second corroborative statement, it would need to contain a description of another incident of sexual abuse, which is "commonly understood to mean 'an occurrence or event,' or 'a distinct piece of action, as in a story.' " *People v Douglas*, 496 Mich 557, 575; 852 NW2d 587 (2014) (citation omitted). That is, the challenged testimony would have to relate to distinct occurrences of sexually abusive incidents. *Id*. at 575-576. Here, the victim's cousin did not testify regarding a second specific incident of sexual abuse; he testified only that he discussed the sexual abuse with the victim more than once. Accordingly, this argument also is without merit.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he was denied the effective assistance of counsel for a number of different reasons. We disagree, and address each of defendant's contentions in turn. Because defendant failed to properly preserve this issue by filing a motion for a new trial or a *Ginther*[1] hearing in the trial court, our review is limited to mistakes apparent on the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Defense counsel is presumed to be effective, *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007), and "the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy," *People v Riley (After Remand)*, 468 Mich 135, 140; 659 NW2d 611 (2003).

Defendant first argues that he was denied the effective assistance of counsel because counsel failed to object to the introduction of hearsay evidence under MRE 803A. We disagree.

At the beginning of direct examination, defense counsel stated, "Your Honor, I'm going to object on the basis of hearsay for the record," indicating that he objected to the presentation of the testimony, which contained hearsay statements allegedly made by the victim. The objection was overruled by the trial court. Thus, defendant incorrectly argues that defense counsel failed to object on hearsay grounds. To the extent that defendant is arguing that defense counsel failed to object by specifically referencing MRE 803A, such argument also fails. Even if counsel was ineffective for failing to object with specificity, defendant has proffered no evidence to show that he was prejudiced by defense counsel's purportedly deficient performance. See *Trakhtenberg*, 493 Mich at 51. The testimony was admissible under MRE 803A, and it is likely that the trial court would have overruled defense counsel's objection even if defense counsel objected with more specificity. Failure to advance a "futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Accordingly, defendant's first claim of ineffective assistance of counsel lacks merit.

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

Next, defendant argues that he was denied the effective assistance of counsel because defense counsel erroneously told the jury that defendant bore the burden to establish reasonable doubt as to his guilt. We disagree.

Defendant takes issue with a portion of defense counsel's closing argument. During closing argument, defense counsel stated:

> I think that because of our felt obligation to prove to you that there was a reason to doubt and reasonable doubts in this matter, certain things were stipulated to and received into evidence essentially without question from and by the alleged victim in this case.

Defendant asserts that, in making these statements, defense counsel gave the jury the impression that the burden of proof could be shifted to defendant, implying that defendant was responsible for proving his own innocence. When read in context, it is apparent that defense counsel's statement implies that he felt an obligation to demonstrate that there were reasons to doubt that defendant was guilty. At no point did defense counsel explicitly inform the jury that defendant bore the burden of proof, or was required to prove to the jury that he was not guilty. And further, the jury was clearly made aware that the prosecution bore the burden of proof. The trial court instructed the jury that "[t]he prosecutor must prove each element of the crime beyond a reasonable doubt," and that "[t]he lawyers' statements and arguments and any commentary are not evidence." This Court presumes that the jury follows the instructions it is given, and thus, any potential prejudicial effect caused by defense counsel's closing argument was cured by the jury instructions. See *People v Fyda*, 288 Mich App 446, 465; 793 NW2d 712 (2010). Therefore, defendant cannot establish that he was denied the effective assistance of counsel based on the statements defense counsel made during closing argument.

Defendant finally contends that he was denied the effective assistance of counsel because defense counsel failed to file an alibi notice and failed to investigate and call alibi witnesses. More specifically, defendant asserts that his aunt, uncle, and grandfather would have confirmed that defendant did not live at home for periods of time during the years that the sexual abuse allegedly took place.

"Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). Failing to call a witness can constitute ineffective assistance of counsel if it deprives the defendant of a substantial defense. *Payne*, 285 Mich App at 190 (quotation marks and citation omitted). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 432; 884 NW2d 297 (2015) (citation omitted).

Defendant has not provided an affidavit or any other offer of proof indicating what his purported alibi witnesses would have testified to, and therefore, it is impossible to determine whether any of the witnesses would have testified in defendant's favor. The victim testified that she and defendant lived in the same house from 2008 until 2013. The jury was made aware of the fact that defendant moved away from their shared home because the victim and her mother

testified that defendant moved to Colorado in 2013. The victim's mother specifically testified that defendant went to Colorado to live with his grandfather. Thus, even if defendant's grandfather was called as an alibi witness, the jury was already aware that defendant did not live with the victim after 2013. Accordingly, the failure to investigate or call defendant's grandfather as a witness did not deprive defendant of a substantial defense. See *id*.

Further, defendant testified that he and the victim did not live in the same house consistently between 2008 and 2013. Defendant testified that he lived in Colorado in 2009 and part of 2010, and moved back to Michigan to live with his aunt and uncle in March 2010. Defendant lived with his aunt and uncle until November 2010. Defendant and the victim then lived together at their parents' house from November 2010 until November 2011. Defendant moved out again after a disagreement with his father, and went to live with his aunt and uncle from November 2011, until he graduated from high school in mid-2012. But as the prosecutor argues, the victim testified that defendant sexually abused her nearly every day for years and that no one else was present when the abuse occurred. If defense counsel called defendant's aunt and uncle to testify, and they both testified in defendant's favor, defendant suggests that the testimony would corroborate his testimony that he did not live with the victim consistently between 2008 and 2013. But even if defendant's aunt and uncle testified as such, the fact remains that defendant and the victim lived together for prolonged periods of time during the years in which she alleged defendant sexually abused her. Thus, even if the jury believed that defendant did not live in the same house as the victim at all times during the years that the sexual abuse took place, the jury could still find defendant guilty of CSC-I and CSC-II. For the foregoing reasons, the failure to call defendant's purported alibi witnesses did not deprive defendant of a substantial defense, and overall, defendant was not denied the effective assistance of counsel.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto