*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 27, 2019

Plaintiff-Appellee,

v

No. 342121
Macomb Circuit Court
LC No. 2017-002531-FH

RICHARD JOHN COFELL,

Defendant-Appellant.

Before: MURRAY, C.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction of breaking and entering a vehicle causing damage, MCL 750.356a(3). Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 34 months to 10 years' imprisonment. We affirm.

Kurt Latour's truck was broken into while parked in a restaurant parking lot. Latour and his fiancée arrived at the restaurant around 10:00 p.m. on a Saturday evening. After being in the restaurant for approximately an hour Latour went out to his vehicle to get a sweatshirt. At that time, his truck was intact and there was a small, dark, four-door sedan backed into a parking spot next to the driver's side of Latour's truck. Latour could see that there was a white male in the driver's seat of the sedan, but he could not identify the person. Latour went back into the restaurant. Around 12:30 a.m., Latour went back outside to his truck, and discovered that the rear window on the driver's side passenger door of his truck had been smashed in. Defendant's fingerprint was found on the door handle of the door with the broken window.

Defendant first argues that the prosecutor improperly shifted the burden of proof by asserting during closing argument that there was no reasonable explanation as to why

-1-

defendant's fingerprint would be on Latour's truck because it shifted the burden of proof to defendant. We disagree.[1]

In evaluating claims of prosecutorial misconduct, we review the prosecutor's remarks in context to determine whether the defendant was denied a fair trial. *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017). "A prosecutor may not imply in closing argument that the defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010). However "[t]he prosecutor's statements are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial." *Mullins*, 322 Mich App at 172 (citation and quotation marks omitted). "Generally, prosecutors are given great latitude regarding their arguments and are free to argue the evidence and all reasonable inferences from the evidence as they relate to their theory of the case." *Id*. (citation and quotation marks omitted). Moreover, "a prosecutor's argument that inculpatory evidence is undisputed does not constitute improper comment." *Fyda*, 288 Mich App at 464.

Defendant argues that it was improper for the prosecutor to repeatedly state in closing argument that there had been "no reasonable explanation" why defendant would have touched Latour's truck if he did not commit the crime. Viewed in context, the prosecutor was not asserting that defendant had a duty to present evidence or defend against damaging evidence; rather, the remarks were to highlight the weakness of the defense theory in light of the relevant evidence. It was undisputed that defendant's fingerprint was found on the door handle of the door with the smashed window The defense initially set forth the argument that there were a number of possibilities that could have led to defendant's fingerprint being on Latour's truck. The prosecutor then challenged this idea by recounting Latour's testimony that he had never met defendant, that the truck was kept secured in the garage at home for most of the week, and that prior to arriving at the restaurant on the night of the incident, the truck had been kept in the driveway at the home of Latour's fiancée, which was in a residential neighborhood away from businesses. Moreover, the prosecutor relied on the evidence showing that the fingerprint was "fresh," i.e., made on the night of the crime. In sum, the prosecutor's arguments were related to the defense theory, supported by the evidence, and did not improperly shift the burden of proof to defendant. Accordingly, the prosecutor's remarks were not plainly erroneous and did not deny defendant a fair trial.

Defendant also argues that trial counsel was ineffective for failing to object to the prosecutor's remarks. We disagree.[2]

---

[1] "Claims of prosecutorial misconduct are generally reviewed de novo to determine whether the defendant was denied a fair trial." *People v Dunigan*, 299 Mich App 579, 588; 831 NW2d 243 (2013). Because defendant failed to preserve the issue of prosecutorial misconduct, our review is for plain error affecting substantial rights. *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017).

"To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense." *People v Riley (After Remand)*, 468 Mich 135, 140; 659 NW2d 611 (2003). A defense counsel's performance is deficient if "it fell below an objective standard of reasonableness under prevailing professional norms." *Id*. To show prejudice, "the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant argues that any well-trained attorney would have objected to the prosecutor's statements discussed above. Assuming defendant is correct, it is unlikely that an objection would have been sustained for the reasons stated above, i.e., the prosecutor was responding to the defense's theory and drawing permissible inferences from the record. Moreover, defendant fails to show that the prosecutor's remarks were outcome determinative. The jury heard trial counsel's argument that the fingerprint could have appeared on the door handle by mistake or for any number of innocent reasons. But the evidence supported the prosecution's argument that an accidental or mistaken touching was unlikely. Further, the trial court instructed the jury after closing arguments that it was the prosecution's burden to prove each and every element of the crime beyond a reasonable doubt and defendant was not required to prove his innocence or do anything. For those reasons, defendant fails to show a reasonable probability that he would have been acquitted had his counsel objected to the prosecutor's comments.

Defendant also argues that there was insufficient evidence to convict him of breaking and entering a vehicle causing damage. We conclude that sufficient evidence was presented to support the verdict.[3]

Defendant does not contest any element of the crime other than identity as the perpetrator. "[I]dentity is an element of every offense," *People v Bass*, 317 Mich App 241, 263; 893 NW2d 140 (2016), and circumstantial evidence and reasonable inferences arising from the evidence can be sufficient to establish identity, *id*. at 264.

Defendant argues that the fingerprint alone was insufficient evidence to convict him because the print could have been left on the door handle at any point in time and not necessarily on the night of the incident. However, there was substantial circumstantial evidence presented

---

[2] Because an evidentiary hearing has not been held on defendant's claim of ineffective assistance of counsel, our review is limited to mistakes apparent on the record. *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *Id*. at 187-188. "Generally, a trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo." *Id*. at 188.

[3] In reviewing challenges to the sufficiency of the evidence, we view the evidence "in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014).

that the fingerprint was left during the commission of the crime. The print was left on the door that contained the broken window. Officer Gary Rowan testified that he arrived at the scene soon after Latour's vehicle was broken into and that there was a "pretty obvious" fingerprint on the handle of the door with the broken window. And the fingerprint expert testified that fingerprints are fragile, explaining that prints are made up of oil and sweat and thus affected by environmental factors. In addition, Latour and defendant did know each other and Latour rarely drove his truck in the time leading to the crime. Thus, there was strong circumstantial evidence that defendant touched the vehicle during the commission of the breaking and entering.

Moreover, about a month after the crime, defendant was stopped for a civil infraction while driving a four-door Chevy sedan. This evidence supported the verdict for two reasons. First, it indicated that defendant did not own a truck and therefore did not mistakenly believe that Latour's truck was his own. Second, Latour reported that there was a man in a small, dark, four-door sedan parked next to his truck within an hour before the crime was committed. Although the description provided by Latour of the man and the vehicle at the scene of the crime was very general, defendant and the Chevy sedan fit that description. In sum, viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence for the jury to find that defendant was the individual who broke into Latour's truck.

Finally, defendant argues that the evidence that he was driving a four-door Chevy sedan about a month after the crime was improperly admitted under MRE 404(b). This argument fails.[4]

MRE 404(b)(1) sets forth the standard for the admission of other-acts evidence:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

The Supreme Court has articulated the following test for the admission of other-acts evidence:

First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting

---

[4] "A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). A trial court abuses its discretion when the court's decision is outside the range of reasonable and principled outcomes. *People v Rose*, 289 Mich App 499, 524; 808 NW2d 301 (2010).

instruction to the jury. [*People v Denson*, 500 Mich 385, 398; 902 NW2d 306 (2017) (citation omitted).]

Here, the evidence was offered to show absence of mistake. The evidence was relevant to that proper non-character purpose because it indicated that defendant did not own a truck and therefore would not have had a reason to mistakenly touch Latour's truck. Further, although the description that Latour provided of the small, dark, four-door vehicle at the scene was vague, it matched the description of the vehicle defendant was driving. Therefore, the evidence was also relevant to identifying defendant as the individual parked outside Latour's truck immediately before the crime. With respect third element, the trial court found that the evidence was not prejudicial. Although the evidence was of a somewhat low probative value due to the vague description of the vehicle at the scene, the little probative value that it did have was not substantially outweighed by the danger of unfair prejudice. For those reasons, the trial court did not abuse its discretion in admitting the evidence under MRE 404(b).

Defendant also argues that the trial court in admitting evidence that the Chevy sedan had an obscured vehicle identification number (VIN). The vehicle was registered to defendant's fiancé. On the second day of trial, Detective Christian Madajczyk went to the fiancé's residence and took photographs of the vehicle showing an obscured VIN number. Defendant objected to Madajczyk's testimony explaining why a vehicle would have an obscured VIN number. The trial court found that there was evidence that the Chevy sedan had possibly been the vehicle at the crime scene, and thus, the evidence of the obscured VIN was relevant and probative because it tended to show that someone was attempting to conceal the identity of the vehicle.

We agree with defendant that the trial court abused its discretion in allowing the prosecution to elicit testimony regarding the obscured VIN. The evidence of the obscured VIN was of little relevance, especially considering that Madajczyk took the pictures that depicted an obscured VIN in November 2017, which was approximately a year and a half after Latour's truck was broken into. And the evidence's slight probative value was substantially outweighed by the prejudice to defendant. See MRE 403. However, we cannot conclude that the trial court's error was, more probably than not, outcome determinative. See *Denson*, 500 Mich at 396. As discussed, there was uncontested evidence that defendant's fingerprint was found on the door handle of door that had been broken into. And there was strong circumstantial evidence that defendant left the finger print on the night of crime, allowing for the reasonable inference that he committed the crime. Thus, even absent the admission of evidence regarding the obscured VIN, there was sufficient evidence to convict defendant, and therefore, the admission of the obscured VIN evidence was harmless error and does not warrant reversal.

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro