*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 27, 2019

Plaintiff-Appellee,

v

No. 338351
Macomb Circuit Court
LC No. 2016-002492-FH

LARRY JAMES BAILEY,

Defendant-Appellant.

AFTER REMAND

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant appealed his conviction after a jury trial of assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1), and second-degree criminal sexual conduct, MCL 750.520c(2)(b), with respect to a minor. While retaining jurisdiction, we remanded this case for an evidentiary hearing regarding defense counsel's decision to introduce a transcript of the complainant's forensic interview into evidence given that the transcript plainly constituted inadmissible hearsay.[1] On remand, the trial court conducted the hearing and concluded that defendant was not denied his constitutional right to effective assistance of counsel. We affirm.[2]

"To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the

---

[1] *People v Bailey*, unpublished per curiam opinion of the Court of Appeals, issued March 7, 2019 (Docket No. 338351).

[2] Whether defense counsel performed ineffectively is a mixed question of fact and law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). We review the trial court's factual findings for clear error and review questions of constitutional law de novo. *Id.*

defense." *People v Riley (After Remand)*, 468 Mich 135, 140; 659 NW2d 611 (2003). A defense counsel's performance is deficient if "it fell below an objective standard of reasonableness under prevailing professional norms." *Id*. To show prejudice, "the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

At the hearing, defense counsel testified that his strategy was to undermine the complainant's testimony by showing deficiencies in the forensic interview. Specifically, the interview was not video recorded but instead transcribed by staff members who were not licensed stenographers. Moreover, the questions and answers were written down by two different individuals and there are points in the transcripts where it is not clear what question goes with what answer. Counsel also noted that there were several times when the complainant's response was recorded as "not audible." Counsel asserted that these deficiencies showed that CARE House and the prosecutor were merely "rubber stamping" the charges against defendant. The trial court found that defendant's claim failed on both counts, i.e., counsel provided effective assistance of counsel and that there was not a reasonable probability that defendant was prejudiced by counsel's performance, noting that the complainant's testimony was "more than credible."

Counsel had few options in terms of strategy given the strength of the prosecution's proofs. However, given that the content of the transcript was highly inculpatory, whether defense counsel's claimed strategy was an objectively reasonable strategy is a close question. See *People v Ackley*, 497 Mich 381, 388-389; 870 NW2d 858 (2015). In the interview, the complainant recounted two specific instances of abuse consistent with her testimony at trial and named defendant as her abuser. Moreover, counsel's questions and arguments regarding the recording of the interview could have been made without introduction of the transcript into evidence. Finally, contrary to counsel's testimony, the transcript is not particularly difficult to follow, nor does it contain indications that the complainant's answers were the result of coaching or improper leading questions. Although there were a few instances where the complainant's response was recorded as inaudible, concluding that these answers were potentially exculpatory was little more than speculation.

However, we need not definitively decide whether counsel's performance was objectively unreasonable because we agree with the trial court that defendant has not shown outcome-determinative prejudice. We note that in *People v Douglas*, 496 Mich 557, 580-581; 852 NW2d 587 (2014), the Supreme Court cautioned against viewing corroborating hearsay evidence in a "pure credibility contest" as harmless. However, this case differs from *Douglas* in certain respects.[3] First, in *Douglas* the jury was shown a video recording of the forensic

---

[3] To be clear, we distinguish *Douglas* only as to the extent of the prejudice involved. *Douglas*, 496 Mich at 575, makes clear that a child's statements during a forensic interview, whether recounted by the interviewer or recorded by video, are inadmissible when the child had previously disclosed the allegations. See also *People v Shaw*, 315 Mich App 668, 672-677; 892 NW2d 15 (2016).

interview with the complainant, *id*. at 563, not merely given a transcript to review if they chose. Second, unlike *Douglas*, the interview in this case provided no additional information or details beyond that provided by the complainant in her testimony. See *id*. at 571, 581. Third, in this case there was corroborating testimony other than the transcript. The complainant's grandmother testified to the initial disclosure under MRE 803A, and the examining nurse testified to the complainant's statements of abuse, presumably under MRE 803(4).[4] Finally, we defer to the trial court's finding that the complainant presented credible testimony. For those reasons, defendant has not carried his burden of showing a reasonable probability that, but for the alleged error, the outcome at trial would have been different.

Affirmed.

/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

---

[4] MRE 803(4) provides that statements made for purposes of medical treatment are not excluded by the rule against hearsay. Defendant did not challenge the nurse examiner's testimony either before the trial court or on appeal. We also note that the forensic interviewer testified that the complainant's statements during the interview were "consistent with the allegations" and that the complainant specifically named defendant as her abuser. This was inadmissible hearsay, but on appeal defendant has not asserted that counsel's failure to object to that testimony constituted ineffective assistance of counsel.