*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* JAMES OGDEN.

---

NORTHERN LAKES COMMUNITY MENTAL HEALTH,

Petitioner-Appellee,

v

JAMES OGDEN,

Respondent-Appellant.

UNPUBLISHED
October 13, 2022

No. 360838
Grand Traverse Probate Court
LC No. 05-028672-MI

---

Before: MARKEY, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Respondent appeals by right the probate court's order for continuing mental health treatment. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Respondent has been diagnosed as suffering from schizophrenia, bipolar type, and has received services from petitioner since at least 2005. In March 2022, petitioner filed a petition with the probate court for a continuing mental health treatment order. A clinical certificate prepared by Dr. Neal Fellows, D.O., was attached to the petition. In this certificate, Dr. Fellows reiterated respondent's diagnosis and stated that he had "personally examined" respondent via "Telepsych video between myself and the patient." Respondent waived his right to appear at a hearing on the petition. The probate court entered an order granting the petition. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo issues of statutory interpretation. *In re Tchakarova*, 328 Mich App 172, 182; 936 NW2d 863 (2019). A claim of ineffective assistance of counsel presents mixed questions of fact and law. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). We

review factual findings for clear error and we review legal conclusions de novo. *Id*. Because the trial court did not hold an evidentiary hearing, our review is limited to mistakes that are apparent from the record. *People v Riley*, 468 Mich 135, 139; 659 NW2d 611 (2003).

## III. ANALYSIS

Respondent argues that he was entitled to an in-person, rather than remote, personal examination under MCL 330.1434, that Dr. Fellows's examination via Telepsych was therefore inadequate, and that he was denied the effective assistance of counsel because counsel failed to object on this ground. We disagree.

This Court's "primary task" in construing a statute is to "discern and give effect to the intent of the Legislature." *In re AGD*, 327 Mich App 332, 343; 933 NW2d 751 (2019).

> In construing a statute, we interpret defined terms in accordance with their statutory definitions and undefined terms in accordance with their ordinary and generally accepted meanings. When statutory language is unambiguous, judicial construction is not required or permitted because the Legislature is presumed to have intended the meaning it plainly expressed. [*People v Campbell*, 329 Mich App 185, 193-194; 942 NW2d 51 (2019) (quotation marks and citations omitted; alteration removed).]

"When interpreting statutes, our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language. In so doing, we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme." *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017) (quotation marks and citation omitted). It is appropriate to consult a dictionary to ascertain the plain meaning of an undefined term. *Bauer v Saginaw Co*, 332 Mich App 174, 193; 955 NW2d 553 (2020).

"Proceedings seeking an order of involuntary mental health treatment under the Mental Health Code for an individual on the basis of mental illness . . . generally are referred to as 'civil commitment' proceedings." *In re Portus*, 325 Mich App 374, 382; 926 NW2d 33 (2018). The process for "obtaining continuing orders of hospitalization or other forms of treatment based on a person's mental illness are contained in various provisions of Chapter 4 of the Mental Health Code, MCL 330.1400 *et seq*." *Id*. "First, the probate court must find that the individual continues to be a person requiring treatment . . . ." *Id*. at 385, citing MCL 330.1472a(4) (quotation marks omitted). If the trial court finds that a respondent is still a person requiring treatment, it "shall issue another continuing order for involuntary mental health treatment . . . for a period not to exceed 1 year." MCL 330.1472a(4). "A judge or jury shall not find that an individual is a person requiring treatment unless that fact has been established by clear and convincing evidence." MCL 330.1465.

Section 434 of the Mental Health Code governs the process for seeking a civil commitment order, and it provides, in relevant part:

> (1) Any individual 18 years of age or over may file with the court a petition that asserts that an individual is a person requiring treatment.

> * * *

(3) . . . [T]he petition shall be accompanied by the clinical certificate of a physician or a licensed psychologist, unless after reasonable effort the petitioner could not secure an examination. . . .

(4) . . . [A] clinical certificate that accompanies a petition must have been executed within 72 hours before the filing of the petition, and after *personal examination* of the individual. [MCL 330.1434 (emphasis added).]

Respondent argues that he did not receive a "personal examination" under MCL 330.1434(4). The term "personal examination" is not defined by the Mental Health Code. As relevant to this case, *Merriam-Webster's Collegiate Dictionary* defines "personal," in part, as "carried on between individuals directly // a *personal* interview," or "relating to the person or body." *Merriam-Webster's Collegiate Dictionary* (11th ed). Neither of these definitions suggests that physical presence is necessarily required. "Examination" is defined as "the act or process of examining." *Id.* "Examine" is defined as: "to inspect closely"; "to inquire into carefully"; "to test by questioning in order to determine progress, fitness, or knowledge." *Id.* A "personal examination," then, can be reasonably be defined as a careful inquiry, inspection, or test that is conducted between the examiner and examinee or that relates to the examinee's person or body. Nothing in these terms states implies that a personal examination must take place with the examiner and examinee in the same room or physical space.

Further, the language of MCL 330.1434 does not reveal that the Legislature intended such a limitation on the term "personal examination." The statute requires that a personal examination must be conducted in connection with a clinical certificate, and the clinical certificate must accompany the petition asserting that an individual is a person requiring treatment. MCL 330.1434. When viewed in context, it is clear that the purpose of the personal examination is to assist the court in determining whether the person who is the object of a petition is a person requiring treatment. The term "person requiring treatment" is defined in section 401 of the Mental Health Code, which provides in relevant part:

(1) As used in this chapter, "person requiring treatment" means (a), (b), or (c):

(a) An individual who has mental illness, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself, herself, or another individual, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.

(b) An individual who has mental illness, and who as a result of that mental illness is unable to attend to those of his or her basic physical needs such as food, clothing, or shelter that must be attended to in order for the individual to avoid serious harm in the near future, and who has demonstrated that inability by failing to attend to those basic physical needs.

(c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has

caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others. [MCL 330.1401.]

Therefore, a court's determination of whether someone is a person requiring treatment requires an assessment of (1) whether that person suffers from a mental illness and (2) the impacts that the mental illness has on the person's life or behavior. " 'Mental illness' means a substantial disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 330.1400(g). Mental illness by definition manifests through thoughts and mood, so while it is possible that physical proximity might provide the examiner with insight into a person's thoughts or mood, it is at least equally possible that an examination via a videoconferencing software platform—such as the "Telepsych" platform utilized in this case—would be sufficient to gain such insight. Videoconferencing software permits the examiner to observe the examinee's appearance, mannerisms and body language, as well as speech. Therefore, we conclude that the Legislature did not intend to define "personal examination" to require that the examiner and examinee occupy the same physical space. *AGD*, 327 Mich App at 343. Respondent's counsel was not ineffective for failing to object to Dr. Fellows's examination on this ground.[1] See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (noting that failure to raise a futile objection does not constitute ineffective assistance of counsel).

Affirmed.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Mark T. Boonstra

---

[1] We note that Michigan has never recognized ineffective assistance of counsel as a claim that may be raised in the context of civil commitment proceedings. Ineffective assistance of counsel was originally recognized as a basis for relief in criminal cases, see *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 318-320; 521 NW2d 797 (1994), and has subsequently been recognized as a basis for relief in the context of the termination of parental rights, see *In re CR*, 250 Mich App 185, 197-198; 646 NW2d 506 (2002), overruled on other grounds by *In re Sanders*, 495 Mich 394, 422-423 (2014). In light of our conclusion that an in-person examination is not required by MCL 330.1434, we need not address whether a claim of ineffective assistance of counsel may be raised in the context of involuntary mental health treatment proceedings.