*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JACOB GALE WILSON,

        Defendant-Appellant.

UNPUBLISHED
February 17, 2026
10:39 AM

No. 368940
Ottawa Circuit Court
LC No. 23-045934-FC

Before: SWARTZLE, P.J., and MALDONADO and ACKERMAN, JJ.

PER CURIAM.

Defendant, Jacob Gale Wilson, appeals as of right his jury conviction of possession of methamphetamine, MCL 333.7403(2)(b)(*i*). The trial court sentenced him, with a sentence enhancement for a second or subsequent offense, MCL 333.7413, to serve 36 to 240 months' imprisonment. We affirm.

## I. BACKGROUND

This case arises from a police officer's search of defendant's pockets after defendant was arrested for an outstanding warrant. On January 20, 2023, Holland Department of Public Safety Officer Jose Padron-Hernandez was conducting a routine road patrol when he noticed defendant walk by his patrol car. The officer recognized defendant from previous interactions and knew that defendant had an outstanding arrest warrant. The officer got out of his patrol car and placed defendant into handcuffs. He then walked defendant back to his patrol car and searched defendant. From defendant's pockets, Officer Padron-Hernandez removed a wallet and a tin container, handing both to another responding officer. Officer Padron-Hernandez finished searching defendant and secured him in the backseat of his patrol car. Officer Padron-Hernandez then retrieved the tin container and the wallet; opened the trunk of the patrol car; and searched through the containers, using the trunk as a table. In both the wallet and the tin container, the officer found very small amounts of methamphetamine.

A jury convicted defendant of possession of methamphetamine. Defendant moved for a new trial, arguing that he was denied effective assistance of counsel because the methamphetamine was discovered through a search that violated defendant's Fourth Amendment rights, but defense

counsel failed to bring a motion to suppress that evidence. The trial court denied the motion, and this appeal followed.

## II. STANDARDS OF REVIEW

The trial's court's factual findings are reviewed for clear error, and questions of constitutional law are reviewed de novo. *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). "Whether a defendant received ineffective assistance of trial counsel is a mixed question of fact and constitutional law." *Id*. However, because no evidentiary hearing was held, "this Court's review is limited to mistakes apparent on the record." *In re LT*, 342 Mich App 126, 133; 992 NW2d 903 (2022) (quotation marks and citation omitted).

## III. FOURTH AMENDMENT

Defendant argues that the trial court erred by admitting evidence of the methamphetamine because it was obtained through an unlawful, warrantless search. We disagree.

Both the United States and Michigan Constitutions protect citizens against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. When police conduct violates a defendant's Fourth Amendment rights, a trial court may apply the "exclusionary rule" to exclude from the defendant's trial any evidence obtained through the constitutional violation. *United States v Leon*, 468 US 897, 906; 104 S Ct 3405; 82 L Ed 2d 677 (1984). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Riley v California*, 573 US 373, 382; 134 S Ct 2473; 189 L Ed 2d 430 (2014). See also, *Katz v United States*, 389 US 347, 357; 88 S Ct 507; 19 L Ed 2d 576 (1967) (explaining that warrantless searches "are *per se* unreasonable[,] subject only to a few specifically established and well-delineated exceptions").

"Among the exceptions to the warrant requirement is a search incident to a lawful arrest." *Arizona v Gant*, 556 US 332, 338; 129 S Ct 1710; 173 L Ed 2d 485 (2009), citing *Weeks v United States*, 232 US 383; 34 S Ct 341; 58 L Ed 652 (1914). "A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." *United States v Robinson*, 414 US 218, 235; 94 S Ct 467; 38 L Ed 2d 427 (1973). The incident-to-arrest exception is rooted in the interests of officer safety and evidence preservation. *Chimel v California*, 395 US 752, 763; 89 S Ct 2034; 23 L Ed 2d 685 (1969). As the Supreme Court explained in *Chimel*:

> When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. [*Id*. at 762-763.]

Historically, this exception has been applied to both a search of the person and the area within the immediate control of the arrestee. *Robinson*, 414 US at 224.

The scope of a search incident to arrest of the area around an arrestee has been subject to debate and appropriately limited. See, e.g., *Gant*, 556 US at 351 (holding that the search of a vehicle incident to arrest is reasonable when the arrestee is within reaching distance of the passenger compartment or there is reason to believe that the vehicle contains evidence of the offense of arrest); *Chimel*, 395 US at 764-765 (holding that the warrantless search of an arrestee's entire house incident to his arrest was an unreasonable search and seizure). However, "no doubt has been expressed as to the unqualified authority of the arresting authority to search the person of the arrestee." *Robinson*, 414 US at 225 (citations omitted). A search of the person extends to the opening of containers found on that person. See *id*. at 236 (concluding that "having in the course of a lawful search come upon the crumpled package of cigarettes, [the officer] was entitled to inspect it"). See also, *People v Champion*, 452 Mich 92, 117; 549 NW2d 849 (1996).

In this case, there is no dispute that the arrest of defendant on an outstanding warrant was lawful. Therefore, Officer Padron-Hernandez had the authority to search defendant incident to his arrest. See *id*. at 235. Further, having located the tin container and defendant's wallet during the lawful search, Officer Padron-Hernandez was permitted to inspect and open both items. See *id*. at 236. That he secured defendant in the patrol car before inspecting the items is inconsequential. The "lawful search of an item on an arrestee's person immediately after arrest [is] *already* reasonable" under the search-incident-to-arrest exception and "a reasonable delay in conducting that permissible search [does] not render the search unreasonable." *People v Hughes*, 506 Mich 512; 958 NW2d 98 (2020), citing *United States v Edwards*, 415 US 800, 805; 94 S Ct 1234; 39 L Ed 2d 771 1974). Here, immediately opening the containers risked defendant attempting to escape, lunging for the containers, or destroying evidence that the officer had not yet seized. Accordingly, it was reasonable to very briefly delay the search in order to first secure defendant.

Defendant argues that *Gant* limits the authority of officers to open containers found on an arrestee after he has been secured and the traditional justifications for a search incident to arrest are no longer present. However, as the Supreme Court did in *Robinson*, 414 US at 224-225, we recognize that there is a distinction between searches incident to arrest of an area within an arrestee's immediate area of control, like a vehicle, and the search of items found on a person. The Court's primary concern in *Gant* was that the incident-to-arrest exception had been stretched based on an overly broad reading of *New York v Belton*, 453 US 454; 101 S Ct 2860; 69 L Ed 2d 768 (1981), to give police limitless discretion to conduct unreasonable exploratory searches of a vehicle. See *Gant*, 556 US at 344-36. But unlike the search of a vehicle, the search of a person is inherently limited. Under the circumstances in this case, we are not persuaded that *Gant* limited the search of items found on defendant's person incident to his lawful arrest.

## IV. INEFFECTIVE ASSISTANCE

Defendant argues that defense counsel was ineffective because he failed to move to suppress this evidence as the fruit of an unlawful seizure. We disagree.

"When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed 2d 674 (1984). For this reason, "[i]neffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion." *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003).

Even if counsel's representation was unreasonable, a trial court will only set aside the judgment if the defendant can show that counsel's deficient performance was prejudicial to his defense. *Strickland*, 466 US at 692. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

As discussed, the officer in this case appropriately seized the methamphetamine during a search incident to a lawful arrest, and defendant does not allege any other constitutional deficiencies with the search. Therefore, a motion to suppress would have been futile, and failure to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel. See *Riley*, 468 Mich at 142. Accordingly, defendant has not met his burden of proving that defense counsel was ineffective.

Affirmed.[1]

/s/ Brock A. Swartzle
/s/ Allie Greenleaf Maldonado
/s/ Matthew S. Ackerman

---

[1] Given our resolution of these issues, we need not address defendant's additional argument regarding attorney-client privilege.