*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DARRIUS LEON BURKS,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2021

No. 348924
Wayne Circuit Court
LC No. 18-002827-01-FH

Before: FORT HOOD, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Defendant was convicted after a jury trial of one count of operating a chop shop, MCL 750.535a(2), two counts of using a computer to commit a crime, MCL 752.797(3)(d) and (e), one count of receiving and concealing stolen property, MCL 750.535(3)(a), one count of receiving and concealing a stolen motor vehicle, MCL 750.535(7), and possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b. Defendant was sentenced to concurrent sentences of 6 months' to 10 years' imprisonment for his convictions for operating a chop shop and using a computer to commit a crime under MCL 752.797(3)(e), 6 months to 7 years for using a computer to commit a crime under MCL 752.797(3)(d), and 6 months to 5 years for his convictions of receiving and concealing stolen property and a stolen motor vehicle. Defendant was sentenced to two years' imprisonment for his conviction of felony firearm, to be served consecutively with and preceding his convictions for operating a chop shop and for receiving and concealing stolen property and a stolen vehicle. Defendant appeals as of right, and we affirm.

## I. FACTS

This case arises from a police investigation of stolen vehicles that resulted in police finding stolen auto parts in defendant's possession. St. Clair Shores police officer Ben Leitch, who at that time was assigned to the Macomb Auto Theft Squad as a detective, discovered a Craigslist advertisement for an engine and transmission designed for a Chevrolet Trailblazer priced significantly below market value. Leitch testified that because a very low price may indicate that the auto parts are stolen, he posed as a potential buyer and arranged through text messages to look at the engine and transmission at 12662 Riverview Street in Detroit.

-1-

Leitch and another undercover officer, Detective Joe Cracchiolo, met with the seller near the address provided by the seller. Defendant parked in front of an abandoned house at 12678 Riverview Street and identified himself as the seller. Defendant walked the two detectives up the driveway of 12670 Riverview where he showed them an engine and transmission in the driveway under a tarp. Leitch examined the transmission and discovered that the transmission's vehicle identification number (VIN) matched that of the transmission from a Trailblazer that had been reported stolen.

After Leitch confirmed that the engine and transmission had been removed from a stolen Trailblazer, the officers arrested defendant. When defendant was advised that he was under arrest, he surrendered a handgun in his possession. The officers then searched the abandoned property at 12678 Riverview where defendant had parked and found the shell of a stripped Trailblazer, which the officers ascertained also had been reported stolen. The officers also seized evidence from a garage at 12670 Riverview and from inside the residence at 12662 Riverview, as well as defendant's cell phone. Defendant thereafter told the officers that he had bought both the Trailblazer discovered at 12678 Riverview and the one from which he had removed the engine and transmission from a man whom he knew to be a car thief, and that he had paid another man to strip the vehicles so that defendant could sell the parts.

Defendant was charged with operating a chop shop, MCL 750.535a(2), two counts of using a computer to commit a crime, MCL 752.797(3)(d) and (e), one count of receiving and concealing stolen property, MCL 750.535(3)(a), two counts of receiving and concealing a stolen motor vehicle, MCL 750.535(7), and possession of a firearm during the commission of a felony (felony firearm), MCL 750.227. During the pretrial proceedings, the trial court dismissed one count of receiving and concealing a stolen motor vehicle, and also suppressed evidence seized from the garage at 12670 Riverview and from inside the house at 12662 Riverview. The case was thereafter dismissed without prejudice, apparently because the prosecution's witnesses failed to appear at a hearing. Defendant was once again charged, and after a preliminary examination he was bound over on the charges to the trial court.

Before the trial court, defendant was represented by a succession of attorneys. Beginning shortly before trial, defendant was represented by attorney Stephanie Carson, who moved to suppress evidence of the engine and transmission collected by the officers in the driveway of 12670 Riverview, contending that she had not been given access to the evidence to examine it. Although the trial court denied the motion, defendant and defense counsel thereafter were given an opportunity to examine the engine and transmission. Defense counsel confirmed to the trial court that she had been permitted access to the engine and transmission and had examined them.

At the conclusion of trial, the jury convicted defendant as charged. After sentencing, defendant moved for a new trial and, alternatively, for a *Ginther*[1] hearing, alleging ineffective assistance of counsel. After a hearing on the motion, the trial court denied defendant's motion. Defendant now appeals.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

## II. DISCUSSION

Defendant contends that the trial court abused its discretion by denying his motion for a new trial because his trial counsel was ineffective. Specifically, he argues that he was not provided a meaningful defense because his trial counsel (1) failed to timely examine the engine and transmission seized from defendant, (2) failed to file potentially dispositive motions such as motions to suppress irrelevant and prejudicial statements, and (3) stipulated to the admission into evidence of inaccurate physical evidence.

A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law; this Court reviews the trial court's findings of fact for clear error and reviews questions of constitutional law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). We review for an abuse of discretion the trial court's decision to grant or deny a motion for new trial. *People v Blackston*, 481 Mich 451, 460; 751 NW2d 408 (2008). A trial court abuses its discretion when it chooses an outcome outside the range of principled outcomes, *id.*, and when it makes an error of law. *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013).

To establish ineffective assistance of counsel, a defendant must demonstrate that (1) defense counsel's performance was objectively deficient, and that (2) the deficiencies prejudiced the defendant. *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). A defendant has been prejudiced if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, quoting *Strickland v Washington*, 466 US 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

The defendant has the burden of establishing the factual predicate of a claim of ineffective assistance of counsel. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). This Court presumes that defense counsel's performance was "born from a sound trial strategy," *Trakhtenberg*, 493 Mich at 52, and will not find trial strategy to be ineffective simply because it did not succeed. *People v White*, 331 Mich App 144, 149; 951 NW2d 106 (2020). When assessing trial counsel's performance, this Court should not substitute its judgment for that of counsel or use the benefit of hindsight. *Id.*

In this case, defendant contends that defense counsel at trial was ineffective because she failed to file pretrial motions to suppress certain evidence and failed to review physical evidence. Specifically, defendant argues that defense counsel should have moved to suppress evidence of the engine and transmission recovered from the driveway of 12670 Riverview. The trial court addressed defendant's argument in its opinion and order denying defendant's motion for new trial, explaining in relevant part:

> Defendant argues that Defendant's trial counsel failed to review the engine and transmission that were seized by police and that she failed to request a dismissal of the case based on the fact that "the [P]eople were never able to provide the engine for review." See Defendant's Brief (11/4/19), p. 4. Defendant argues in a conclusory fashion that if trial counsel had filed a timely motion it would have resulted in dismissal of the charges. *Id.* Defendant's arguments are contradicted by the record and devoid of merit. At a pre-trial hearing on March 6, 2019, ***prior***

-3-

***to any trial testimony having been taken***, Defendant's trial counsel and the people stipulated that defendant himself and trial counsel were given the opportunity to examine the engine and transmission on February 19, 2019. . . . The record is clear that Defendant's trial counsel, along with Defendant himself, did have an opportunity to inspect both the engine and transmission ***before*** any trial testimony was taken and, based on the inspection, defendant's trial counsel was satisfied that there were no issues with regard to inspection or the admissibility of the evidence.

As the trial court observed, the record of the pretrial hearing held March 6, 2019, indicates that defendant and defense counsel both were given the opportunity to examine the engine and the transmission on February 19, 2019, and thus defendant's contention that his attorney did not inspect the engine and transmission is not supported.

Defendant argues, however, not merely that defense counsel failed to inspect the engine and transmission, but rather that he does not accept that the engine and transmission shown to defense counsel were the ones seized from his possession. Although defendant's argument is not entirely clear, he argues that his trial counsel should have successfully demonstrated that the evidence was false and should have succeeded in having the false evidence suppressed. Defendant's argument in this regard, however, appears to be not so much an assertion of ineffective assistance as a challenge to the sufficiency of the evidence.

Similarly, framed as a claim of ineffective assistance of counsel, defendant challenges the accuracy of Agent LaFond's testimony that the engine was designated as stolen, asserting that LaFond also testified that the engine was later designated in LEIN as recovered,[2] and that defense counsel should have demonstrated this before trial and persuaded the trial court to suppress the testimony. Defendant does not explain or support with authority, however, how these challenges to the accuracy of the evidence, typically topics for cross-examination, would have enabled his trial counsel to successfully move to suppress the evidence. A party may not "merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Henry*, 315 Mich App 130, 148; 889 NW2d 1 (2016) (quotation marks and citation omitted).

Defendant also contends that defense counsel was ineffective because she failed to challenge by motion the actions of officers who allegedly conducted a warrantless search at the time of defendant's arrest. However, defendant does not specify the evidence seized that he

---

[2] Defendant appears to be referring to LaFond's testimony that by using the National Crime Information Center, a law enforcement database, and the Insurance Service Offices database, he was able to ascertain that the transmission in question belonged to a vehicle that had been reported stolen, then later recovered "stripped of its parts." Detective Leitch explained how the transmission and engine could have come from the same vehicle despite having different derivative VIN number tags, which is consistent with defendant's statement to police that the transmission and engine came from the same vehicle.

believes should have been suppressed.[3]  In addressing this argument raised by defendant in his motion for new trial, the trial court explained:

> Defendant also argues trial counsel was ineffective for failing to challenge the actions of Officer Joe Cracchiolo based on the fact that he allegedly "went beyond the scope of his permission on the property" and "took it upon himself to walk around the property and investigate without having a warrant or true reasonable suspicion." [] This argument is without merit.  Defendant's trial counsel did in fact file a motion to suppress on January 14, 2019, challenging the legality of the search of the property and seizure of the engine and transmission (among other legal challenges raised in trial counsel's motion).  The Court heard the motion and further held an evidentiary hearing on Defendant's motion during which time the Court heard testimony from Officer Ben Leitch, Agent Larry LaFond, Sgt. Vogler, Detective Cracchiolo, and the defendant.  Based on the testimony, the Court concluded that the Defendant had given the officers consent to enter his property and that his Fourth Amendment rights were not violated. [] This issue was raised by Defendant's trial counsel.  Defendant has failed to establish deficient performance in this regard.

The trial court's findings are consistent with its earlier denial of defendant's motion to suppress.  At the conclusion of the evidentiary hearing on the motion, the trial court denied the motion, stating in relevant part:

> This Court finds that Mr. Burks' 4th Amendment Rights were not violated in this case.  The defendant himself invited the officers to his home to sell them the parts that were at issue.  Officer Leitch testified that the defendant removed the tarp and that he was able to determine from the VIN that the parts were stolen.

> Although the defendant testified that he did not remove the tarp, the Court finds that it's more likely that Officer Leitch's testimony is accurate because the defendant was attempting to sell the parts.  So obviously, he would have wanted the officers to see them in order for him to sell them.

> Based on the totality of the circumstances, the Court finds the defendant voluntarily consented to the officers coming onto his property and by removing the tarp to show them the engine and the transmission.

The trial court's findings of fact are supported by the record.  Officer Leitch testified that defendant invited him onto his property to view the engine and transmission and removed the tarp, believing Leitch to be a potential buyer.  Because defendant consented to the officers' presence on his property and showed the officers the stolen auto parts, a motion to suppress the seized auto parts would have been meritless.  A claim of ineffective assistance of counsel cannot be based

---

[3] The record indicates that evidence seized by the officers during their search of the garage at 12670 Riverview and from inside the house at 12662 Riverview was suppressed by the trial court during earlier proceedings.

upon the failure of counsel to make a frivolous or meritless motion. *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003). Because the motions that defendant contends defense counsel should have made were baseless and would have been futile, defense counsel had no obligation to bring the motions before the trial court.

To summarize, to prove ineffective assistance of counsel, defendant was required to show that trial counsel's performance was objectively deficient and that the deficiency prejudiced him, meaning that there is a reasonable probability that but for counsel's error the result of the proceeding would have been different. *Randolph*, 502 Mich at 9. In this case, defendant has not demonstrated that defense counsel's performance was deficient, and he has thus failed to establish that she was ineffective.

Affirmed.


/s/ Karen M. Fort Hood
/s/ Michael F. Gadola
/s/ Anica Letica