*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TYRONE CARLEECE DEMMINGS,

        Defendant-Appellant.

UNPUBLISHED
March 24, 2026
12:38 PM

Nos. 368234; 374372
Wayne Circuit Court
LC No. 22-002248-01-FC

Before: RIORDAN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

In these consolidated appeals as of right, defendant appeals his convictions of and sentences for discharge of a firearm in or at a building, causing injury, MCL 750.234b(3); felon in possession of a firearm (felon-in-possession), MCL 750.224f; and two counts of carrying a firearm during commission of a felony, second offense, MCL 750.227b(1). We affirm.

## I. NO. 368234

### A. INEFFECTIVE ASSISTANCE—WITNESSES

"A criminal defendant has the fundamental right to effective assistance of counsel." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). The defendant bears the burden of proving that trial counsel failed to provide effective assistance. *Id*. A claim of ineffective assistance of counsel presents a mixed question of law and fact. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id*. To establish ineffective assistance of counsel, a defendant first must demonstrate that trial counsel's performance fell below an objective standard of reasonableness. *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "Second, the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable." *Id*. at 290. "[T]he defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy." *Id*.

Counsel's decisions regarding what, if any, witnesses to call at trial are generally a matter of trial strategy. *People v Jackson (On Reconsideration)*, 313 Mich App 409, 432; 884 NW2d 297 (2015). A defendant claiming ineffective assistance "must overcome the strong presumption that counsel's challenged actions were sound trial strategy." *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015). Defendant's trial counsel, Jason Grant Miller, attempted to investigate Falonda Scandrick, but she did not cooperate with his attempt. At the *Ginther*[1] hearing, Miller stated that he attempted to talk to her on the phone, but her response indicated that she believed he was the prosecutor. She ended the call before he could correct her mistaken assumption. The trial court found that Miller attempted to investigate Falonda as a potential defense witness, but she would not cooperate because she thought that he was the prosecutor. The trial court's finding of fact was not clearly erroneous. *Petri*, 279 Mich App at 410. Thus, Miller did not act in an objectively unreasonable manner, as he in fact followed up with defendant's recommendation. Additionally, Miller made a strategic choice to attack the prosecutor's case in closing argument by commenting, "We haven't heard from Falonda[.]" Defendant thus fails to establish that Miller made an objectively unreasonable error in failing to call Falonda.

## B. INEFFECTIVE ASSISTANCE—EVIDENCE OF FLIGHT

The prosecutor stated in closing argument that defendant "t[ook] off and [went] into hiding for about two years" until he was arrested. The trial court instructed the jury that evidence of flight could reflect consciousness of guilt, but could also reflect innocent causes such as fear or mistake. Defendant argues that the evidence did not support this argument or this instruction, and that trial counsel was ineffective in failing to object. He also argues that the cumulative effect of these two unpreserved errors deprived him of a fair trial.

The test for prosecutorial error is whether the defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). This Court reviews arguments of prosecutorial error[2] case by case, reviewing the record as a whole and considering the prosecution's comments in their proper context. *Id*. at 64. "The propriety of a prosecutor's remarks depends on all the facts of the case." *Id*. (quotation marks and citation omitted). Claims of instructional error are reviewed de novo. *People v Spaulding*, 332 Mich App 638, 652; 957 NW2d 843 (2020). However, the trial court's determination that a jury instruction is applicable to the case is reviewed for an abuse of discretion. *People v Montague*, 338 Mich App 29, 37; 979 NW2d 406 (2021). Issues of cumulative error are reviewed "to determine if the combination of alleged errors denied defendant a fair trial." *Dobek*, 274 Mich App at 106. Unpreserved claims of error are reviewed for plain error affecting the defendant's substantial rights. *People v Solloway*, 316 Mich App 174, 201-202; 891 NW2d 255 (2016). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] This Court prefers the term "prosecutorial error" in place of "prosecutorial misconduct" except for "those extreme—and thankfully rare—instances where a prosecutor's conduct violates the rules of professional conduct or constitutes illegal conduct." *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015).

or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

The prosecutor is not permitted to argue facts not in evidence or to mischaracterize the evidence, but the prosecutor is free to argue all reasonable inferences that arise from the evidence. *People v Anderson*, 331 Mich App 552, 565; 953 NW2d 451 (2020). Defendant argues that the prosecutor violated these principles when she stated in closing argument:

> Now, Cherron gets shot. It's chaos. The police arrive. EMS arrives. Where does the defendant go? He takes off, and he goes into hiding for about two years until he's arrested on the charges that are before you.

The statement that defendant "takes off" was supported by evidence that defendant left the location, but the statement, "he goes into hiding for about two years" was not. Although defendant was not arrested until March 12, 2022, there was no evidence that defendant purposefully concealed his whereabouts or obstructed law enforcement. Trial counsel therefore had a legitimate basis to object to the argument and to request a curative instruction, and by doing so he either would have received the instruction or minimally would have preserved the issue for appellate review. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). However, "declining to raise objections, especially during closing arguments, can often be consistent with sound trial strategy." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008).

Competent counsel might withhold an objection out of the realization "that there are times when it is better not to object and draw attention to an improper comment." *Id*. (quotation marks and citation omitted). Indeed, Miller testified that he generally pursues a strategy of not objecting during closing arguments, which the trial court acknowledged in its findings of fact. Additionally, defense counsel could, as Miller did, rely on the trial court to instruct the jury that attorneys' arguments are not evidence. "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Defendant thus fails to demonstrate that defense counsel's failure to object to the improper argument was an objectively unreasonable error. *Armstrong*, 490 Mich at 289-290.

Defendant's instructional error argument is premised on this statement in the trial court's jury instructions:

> There's been some evidence that the defendant fled the scene after the alleged crime. This evidence does not prove guilt.
>
> A person may run for innocent reasons such as panic, mistake, or fear. However, a person may also run because of a consciousness of guilt.

Jury instructions "must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *People v Armstrong*, 305 Mich App 230, 240; 851 NW2d 856 (2014) (quotation marks and citation omitted). As noted above, defendant's departure from Greenview Street where the shooting occurred could be construed as flight, although it could also be construed as simply leaving the neighborhood after the family demanded that he leave the home. The instructions made no reference to hiding, which was the objectionable aspect of the closing

argument. Accordingly, there was no firm basis for counsel to object to the instruction. "Failure to raise a futile objection or advance a meritless argument does not constitute ineffective assistance of counsel." *People v Isrow*, 339 Mich App 522, 532; 984 NW2d 528 (2021).

Defendant fails to satisfy the first requirement of ineffective assistance, namely that counsel's performance fell below an objective standard of reasonableness. *Armstrong*, 490 Mich at 289-290. Additionally, defendant's acquittal of the most serious charges indicates that the jury was not influenced by the prosecutor's statement about hiding. Defendant thus also fails to satisfy the second requirement, "that, but for counsel's deficient performance, a different result would have been reasonably probable." *Id*. at 290.

## II. NO. 374372

### A. OV 9

In this appeal defendant argues that both scoring error and ineffective assistance occurred with respect to the trial court's scoring of OV 9, number of victims. "To preserve a challenge to the scoring of the sentencing guidelines, the challenge must be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in this Court." *People v Ventour*, 349 Mich App 417, 433; 27 NW3d 660 (2023); MCR 6.429(C). Defendant acknowledges that his scoring error argument was not preserved. As to his ineffective assistance of counsel argument, defendant did not address this issue in his motion for a *Ginther* hearing. Thus, review is limited to mistakes apparent on the record. *People v Riley (After Remand)*, 468 Mich 135, 139; 659 NW2d 611 (2003).

As to arguments that a trial court improperly scored sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), superseded in part on other grounds by statute as stated in *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. Unpreserved scoring issues are reviewed for plain error affecting the defendant's substantial rights. *Ventour*, 349 Mich App at 433.

"Michigan's sentencing guidelines are now advisory only, but trial courts must still consult the guidelines and take them into account during sentencing." *People v Teike*, 348 Mich App 520, 538; 19 NW3d 733 (2023). "Appellate courts are no longer required to affirm within-guidelines sentences absent an error in the sentencing-guidelines scoring or inaccurate information relied on by the trial court in sentencing." *Id*. "However, sentences that fall within the properly calculated guidelines minimum sentence range are rebuttably presumed to be proportionate." *Id*. A defendant is entitled to resentencing if there is a scoring error that alters the defendant's recommended minimum sentence range under the guidelines. *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006). A scoring error that does not affect the guidelines range is harmless, and does not require resentencing. *Id*. at 91-92.

For purposes of the legislative sentencing guidelines, discharge at a building causing injury, MCL 750.234b(3), is a Class C offense. MCL 777.16m. MCL 777.64 provides the

minimum sentence range grid for Class C offenses. Following resentencing, defendant's total OV score of 45 points, combined with his total prior record variable (PRV) score of 69, placed him at the IV-E cell on the Class C Felony grid, which provides a minimum sentence range of 43 months to 86 months. Defendant was sentenced as a fourth-offense habitual offender; accordingly, the upper limit of this range was increased by 100% to 172 months. MCL 777.21(3)(c). The threshold for Level IV is 35 points; therefore, defendant would have to demonstrate that his OV level, correctly calculated, is 34 points or less. OV 9 was scored 10 points. If OV 9 was rescored to zero points, defendant's total OV score would be 35 points, keeping his OV level at Level IV. Any scoring error was therefore harmless. *Francisco*, 474 Mich at 91-92.

We briefly note, however, that OV 9 was not wrongly scored. OV 9, number of victims, is scored 10 points when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss." MCL 777.39(1)(c). It is scored zero points when "[t]here were fewer than 2 victims who were placed in danger of physical injury or death, or fewer than 4 victims who were placed in danger of property loss." MCL 777.39(1)(d). Here, the OV 9 score of 10 points is supported by evidence relating to the sentencing offense of discharge of a firearm at a building, causing injury. Although Cherron was the only individual who sustained an injury, the other individuals on the porch were at risk of injury from defendant's shooting because of their close proximity to Cherron. The jury's finding that the prosecutor failed to prove the elements of assault with the intent to murder or assault with the intent to do great bodily harm less than murder did not absolve defendant of endangering persons by firing a gun in their direction. Evidence that one of the persons was struck by a bullet proved that defendant's distance and lack of aim did not render the shooting harmless. The scoring of OV 9 was therefore appropriate. Defendant's claim of ineffective assistance is without merit, because "[f]ailure to raise a futile objection or advance a meritless argument does not constitute ineffective assistance of counsel." *Isrow*, 339 Mich App at 532.

## B. DE NOVO SENTENCING

Lastly, defendant argues that the trial court was required to conduct "de novo" resentencing, rather than limiting the decision to the rescoring of OV 12. He cites *People v Rosenberg*, 477 Mich 1076 (2007) for the principle that: "When a trial court grants a motion for resentencing . . . Michigan law requires that the resentencing be conducted de novo, unless the remand or order expressly limits the scope of resentencing." *Rosenberg* held that a defendant who previously waived his objection to the imposition of a fine was not bound by this waiver after the Court of Appeals vacated his original sentence, as the case was again in a "presentence posture." *Id. Rosenberg* allows a court to consider any prior or new evidence or arguments regarding sentencing, but it does not preclude a trial court from relying on its previous reasoning for concluding that the sentence originally imposed remained proportionate. Defendant fails to demonstrate error.

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado